Donald Edward LACKEY, Respondent,

v.

Janette M. LOHMAN, Director of
the Missouri Department of
Revenue, Appellant.

No. WD 51335.

Missouri Court of Appeals,
Western District.

Jan. 23, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

John Pat Burnett, Kansas City, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

Janette M. Lohman, director of the Missouri Department of Revenue, refused on January 27, 1995,[1] to issue a driver's license to Donald Edward Lackey on the ground that she deemed him to be "unsafe for licensing." On February 17, Lackey filed a petition for review in Jackson County circuit court. The trial court ruled for Lackey and ordered Lohman to set aside her order deny-

1. All events in this case occurred during 1995 unless otherwise indicated.

ing Lackey's application for a license. Lohman appeals, and we reverse.

The dispute arose when, on January 27, Judy Schaefer of the Department of Revenue's Drivers License Bureau sent Lackey a letter telling him that his application of December 29, 1994, for a Missouri driver's license had been denied. "After receiving information from the State of INDIANA concerning your license denial for driving while intoxicated," Schaefer's letter said, "this is to inform you that you are ineligible for a license in Missouri until AUGUST 25, 1999[.]"

Lackey sought review of this action in Jackson County circuit court on February 17. On April 3, Lohman responded by submitting a certified copy of Lackey's Indiana driver's record and documents concerning actions taken by Indiana authorities against Lackey's license to drive in Indiana. Lackey's driving record indicated that his driving privileges were suspended, effective May 23, 1993, with a termination date of April 13, 1996.

On June 1, Lackey filed a motion for directed verdict at the close of the director's evidence.[2] Lackey admitted in the motion that he had been convicted in Indiana of "operating while intoxicated" for an offense on February 12, 1992, and "prior DWI within five years" in connection with an offense on January 22, 1994. The issue raised by Lackey in his motion was:

> The director in this case has based her decision for denial of a drivers license application solely on the fact that [Lackey] has received two out-of-state convictions. The out-of-state convictions are not the basis for the denial, however, they are the only evidence that the director relied on. The director has offered nothing into the record to support the finding of [Lackey's] ability to drive on public roadways other than the convictions. No independent factors were investigated or considered in support of her decision. We contend that the director has failed in her responsibility

to support the finding that the plaintiff is indeed an unsafe driver and therefore erred in refusing the plaintiff's application for a drivers license.

On June 19, the trial court entered its order: "COURT HEREBY FINDS THE ISSUES in favor of [Lackey] and hereby orders that the Director of Revenue's proposed denial is set aside and that a drivers license be issued to [Lackey] after having taken and passed a proper drivers license test."

We assume, as does Lohman in her appeal, that the issue to which the trial court referred was whether the two Indiana convictions constituted a lawful basis for Lohman's denial. Our review does not reach that issue, however, because § 302.600, art. V(1), RSMo 1994, prohibited Lohman from granting Lackey's application.

Section 302.600, art. V(1), says that the Department of Revenue "shall not" issue a driver's license to an applicant if "[t]he applicant has held such a license, but the same has been suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated." Lackey's license to drive in Indiana was still suspended when he applied on December 29, 1994, for a Missouri license. The Indiana suspension was to continue until April 13, 1996.

Because Lackey's license to drive in Indiana was still suspended when he applied for a Missouri license, § 302.600, art. V(1), required Lohman to deny Lackey's application. The trial court's order, therefore, was unlawful. We remand with instructions to the trial court that it withdraw its order of June 19, 1995. The trial court shall conduct such further proceedings as it deems appropriate.

All concur.

---

2. The motion indicated that the trial court convened a hearing in the case on May 11, but the docket sheet indicates that the May 11 hearing was continued to June 1, and the June 1 hearing

was continued to June 22. We assume that Lackey wrote the motion in anticipation of a hearing on May 11.