**Monte K. MANN, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 25688.

Missouri Court of Appeals,
Southern District,
Division Two.

May 17, 2004.

Motion for Rehearing or Transfer to Supreme Court Denied June 8, 2004.

Application for Transfer Denied Aug. 24, 2004.

Jacob Y. Garrett, Garrett & Silvey, West Plains, MO, for Respondent.

JOHN E. PARRISH, Judge.

The Director of Revenue (the director) appeals a judgment granting limited driving privileges to Monte K. Mann (petitioner) and taxing costs to the director. The judgment is modified to delete the provision taxing costs to the director. It is affirmed as modified.

Petitioner filed an application for hardship driving privileges pursuant to § 302.309.[1] The application was heard May 14, 2003. The trial court found that petitioner previously resided in Illinois where he held an Illinois driver's license; that:

> Petitioner's driving privileges were revoked by the State of Illinois for a period of five years effective January 2, 2001 by reason of a second conviction of driving under the influence of alcohol. That same month, Petitioner moved to Thornfield, Missouri where his parents lived. Sometime thereafter, he contacted an attorney in Illinois with regard to obtaining a hardship driving privilege, but was advised that since he no longer resided in Illinois the court in Illinois did not have jurisdiction to grant him a license. Then, in December, 2002, he filed an application with [the director's] office seeking a hardship or limited driving privilege. On December 9, 2002, he was advised that his application was being denied because the law in Missouri requires a person convicted of more than one alcohol related traffic offense to have an ignition interlock device put on his vehicle, and since [the director] does not have the authority to require the installation of the device his application was being denied. He was further advised that he could file an application with the court, but the court may not

Jeremiah W. (Jay) Nixon, Atty. Gen., Joseph T. McGuire, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

1. References to statutes are to RSMo 2000 unless otherwise stated.

grant a limited driving privilege if his driver's license privilege was denied or he was otherwise ineligible.

The trial court further found that petitioner was required to operate a motor vehicle in connection with his employment and in order to attend weekly alcohol counseling sessions. The trial court granted petitioner's request for limited driving privileges by its amended judgment entered May 21, 2003, which declared that "effective immediately Petitioner is hereby authorized to operate a motor vehicle to and from his employment and in connection therewith and to and from alcohol counseling sessions, provided that the vehicle he is operating is equipped with an ignition interlock device as required by § 577.600, R.S.Mo., and that he has on file and maintains with the department of revenue proof of financial responsibility as required by Chapter 303, R.S.Mo." The judgment provided that the limited driving privileges granted thereby "shall terminate on January 2, 2006, unless sooner terminated." The judgment taxed costs to the director.

■ The director's first point on appeal contends the trial court erred in granting petitioner limited driving privileges; that the trial court lacked jurisdiction under § 302.309.3(5)(c) to grant limited driving privileges to petitioner because his Illinois driver's license was "suspended" by that state. The director contends "that under § 302.060(11) and § 302.600 an individual whose license is suspended in a state that is a party to the Interstate Driver License Compact is 'otherwise disqualified' to apply for Missouri's limited driving privilege." The director's characterization of the status of petitioner's Illinois driving privileges as "suspended" differs from the trial court's determination that petitioner's Illinois driving privileges were revoked.

That distinction is critical to the outcome of this appeal.

Missouri and Illinois are parties to the Driver License Compact. *See* § 302.600. *See also* 625 Ill.Comp.Stat. 5/6–700–08 (2000). Section 302.600, Art. V, imposes the requirement on Missouri to ascertain whether an applicant for driving privileges has held (or presently holds) a license to drive issued by another state that is a party to the Driver License Compact. Missouri driving privileges may not be issued to a person who has "held such a license, but the same has been *suspended* by reason, in whole or in part, of a violation and if *such suspension period* has not terminated." § 302.600, Art. V(1)(emphasis added). Neither can Missouri driving privileges be granted to a person who "has held such a license, but the same has been *revoked* by reason, in whole or in part, of a violation and if such *revocation* has not terminated, *except that after the expiration of one year from the date the license was revoked,* such person may make application for a new license if permitted by law." § 302.600, Art. V(2)(emphasis added).

Thus, a person who holds or has held a driver's license from another state that is party to the compact, and whose license from that state has been suspended or revoked, has limitations imposed on his or her ability to obtain Missouri driving privileges. If the license is suspended by reason of a driving violation, that person cannot obtain Missouri driving privileges "if such suspension has not terminated." § 302.600, Art. V(1). Similarly, if the person holds or has held a license from another party state that has been revoked because of a driving violation, he or she cannot obtain Missouri driving privileges if the revocation has not terminated *unless* one year has expired following the date of revocation and provided the person is not

otherwise prohibited by law from doing so.[2] § 302.600, Art. V(2). Whether the trial court erred in granting hardship driving privileges depends on whether petitioner's Illinois driving privileges were suspended and that suspension had not terminated, or whether petitioner's Illinois privileges had been revoked and one year had expired following that revocation.[3]

Petitioner's Illinois driving record was admitted in evidence as part of Respondent's Exhibit A, the Missouri Driver Record maintained by the Drivers License Bureau of the Department of Revenue. It disclosed that petitioner's Illinois driver's license had been suspended for driving while under the influence of alcohol. Petitioner was subsequently convicted of two driving-under-the-influence-of-alcohol offenses in violation of 625 Ill.Comp.Stat. 5/11–501. Illinois law provides for summary suspension of an Illinois driver's license by the secretary of state upon submission of a report by a law enforcement officer that a driver refused testing or submitted to a test that disclosed alcohol content of 0.08 or more.[4] 625 Ill.Comp. Stat. 5/11–501.1(e). Upon conviction for driving under the influence of alcohol in Illinois, the secretary of state is required to "immediately revoke the license, permit, or driving privileges of any driver." 625 Ill.Comp.Stat. 5/6–205(a)2. An Illinois driver whose license was summarily suspended by the secretary of state, as above, and who is subsequently convicted of driving under the influence of alcohol receives credit on the period for which his or her license was suspended prior to its revocation.[5] 625 Ill.Comp.Stat. 5/6–208.1(d).

Petitioner's Illinois driving record reflects that revocation of his license was required, effective January 28, 2001, by reason of two driving-while-under-the-in-

---

2. §§ 302.060(9) and (10) state the prohibitions for issuing unrestricted licenses to persons convicted of multiple alcohol-related driving offenses.

3. The trial court based its decision to grant hardship driving privileges to petitioner on a determination that the restrictions imposed by § 302.600, Art. V, did not apply to persons seeking hardship driving privileges; that those restrictions apply only to applicants for an ordinary Missouri driver's license. Petitioner continues to advocate that position in urging this court to affirm the trial court's judgment. This court does not agree with that conclusion.

This court holds that restrictions imposed by § 302.600, Art. V, on applicants for a Missouri driver's license apply also to persons seeking hardship privileges under § 302.309. That conclusion, however, does not prevent the judgment rendered in this case from being affirmed.

"On appeal in a court-tried case, an appellate court is concerned with only the correctness of the result, not the route taken by the trial court to reach that result." *General Elec. Capital Corp. v. Rauch,* 970 S.W.2d 348, 353 (Mo.App.1998); *see also*

*Hudson v. DeLonjay,* 732 S.W.2d 922, 928 (Mo.App.1987) (the judgment of the trial court must be affirmed if it can be supported on any reasonable ground or theory). "A correct decision will not be disturbed on appeal merely because the trial court gave a wrong or insufficient reason." *Id.*

*In re Marriage of Estep,* 978 S.W.2d 817, 818 (Mo.App.1998).

4. "Section 490.080 provides, 'Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.' Section 490.090 permits Missouri courts to inform themselves as to the laws of other states in such manner as the courts deem proper." *State v. McGowan,* 950 S.W.2d 273, 275 (Mo.App.1997). This court has reviewed Illinois law for the purpose of considering the appeal in this case and judicially notices that state's statutes and common law.

5. For an example of the application of the required revocation procedure for Illinois driver's licenses, *see Stewart v. Ryan,* 229 Ill. App.3d 912, 172 Ill.Dec. 171, 595 N.E.2d 234, 235–36 (1992).

fluence-of-alcohol convictions. Petitioner's application for hardship driving privileges was filed in the Circuit Court of Howell County February 5, 2003. The amended judgment granting limited driving privileges was entered May 21, 2003. Petitioner applied for limited driving privileges in Missouri more than one year after Illinois had revoked his Illinois driver's license.[6] The trial court granted that application. This was permissible under provisions of the Driver License Compact. § 302.600, Art. V(2). Point I is denied.

 Point II is directed to the trial court taxing costs to the director. Point II asserts this was error. The taxing of costs against the director constitutes taxing costs to the state. *Boulware v. Director of Revenue*, 105 S.W.3d 542 (Mo.App.2003).

"Absent a statute to the contrary, costs are not recoverable from the state in its own courts." *Reed v. Director of Revenue*, 834 S.W.2d 834, 837 (Mo.App. E.D.1992). Section 536.087.1, RSMo 2000 permits a prevailing party in a civil action arising from an agency proceeding to recover "reasonable fees and expenses" incurred. However, "drivers license proceedings" are expressly excluded from the provisions of section 536.087. [Footnote deleted.]

*Id.* at 543. Point II is granted. Pursuant to Rule 84.14, the judgment is modified to delete the costs assessed to the director. The judgment, as modified, is affirmed.

RAHMEYER, C.J., SHRUM, GARRISON, BARNEY and BATES, JJ., concur.

---

6. The trial court found that petitioner's driving privileges were revoked for five years effective January 2, 2001. That discrepancy is of no consequence in that based on either date, more than one year passed before petitioner sought the hardship driving privileges that are the subject of this appeal.