Valerie R. PETTIGREW, Plaintiff,

and

State of Missouri, Department of Social Services, Family Support Division, Appellant,

v.

Craig A. HAYES, Respondent.

No. WD 64773.

Missouri Court of Appeals,
Western District.

Dec. 27, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Bradley D. McCormack, Assistant Attorney General, Kansas City, MO, for appellant.

Craig A. Hayes, Maryville, pro se.

Before: SPINDEN, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

The Missouri Department of Social Services, Family Support Division ("the Division"), ordered Craig Hayes to pay child support for his minor child in the amount of $117 per month and to provide medical insurance, if available. Hayes petitioned the circuit court for judicial review of the Division's decision. The circuit court held that the Division's order amounted to an abuse of discretion, vacated the order, and remanded the case to the Division with instructions that Hayes be allowed to present evidence.

On appeal, the Division claims that the circuit court erred in hearing Hayes's petition for judicial review because the court lacked jurisdiction to hear that petition. For the following reasons, we agree with the circuit court's decision and reverse the Division's order.

**Background**

On February 2, 2004, the Division served Hayes with a Notice and Finding of Financial Responsibility. This notice and finding stated that Hayes was the presumed father of a minor child, as determined by genetic testing, and that he must pay child support in the amount of $117 per month and provide medical insurance, if available.

Hayes made a timely request for an administrative hearing to challenge this

determination. A hearing was scheduled for March 10, 2004, and Hayes was properly notified. Because Hayes was incarcerated on that date, he did not appear at the administrative hearing. Hayes had notified the Division that he was at the Tipton Correctional Center, so the hearing could be conducted telephonically. The hearing officer did not attempt to contact Hayes during the hearing. Instead, the hearing officer proceeded with the hearing, without Hayes's participation, accepted the evidence submitted by the Division, and issued a Decision and Order in default against Hayes on March 23, 2004. Hayes subsequently filed a petition for modification or review, which was denied.

On April 19, 2004, Hayes filed a Petition for Judicial Review with the Circuit Court of Randolph County. The circuit court scheduled Hayes's case for a hearing on July 13, 2004, at which it reviewed the findings of the Division as well as Hayes's evidence. The circuit court made its ruling on September 27, 2004. The court found that Hayes was unable to appear and present evidence, as he was not a "free person." The court concluded that the Division's action was not the result of a full and fair hearing as required by statute. Thus, the court held that the Division's Decision and Order amounted to an abuse of discretion, vacated the Order, and remanded the case to the Division with instructions that Hayes be allowed to present evidence.

This appeal by the Division follows.

### Discussion

■ The Division claims on appeal that the circuit court erred in hearing Hayes's Petition for Judicial Review because it lacked jurisdiction. Specifically, the Division argues that Hayes did not exhaust all of his administrative remedies prior to filing his petition for review and that Hayes failed to ensure the filing of the administrative record so the circuit court could consider his petition.

Section 454.470.1 governs the issuance of a notice and finding of financial responsibility by the director of the division of child support enforcement; it provides, in relevant part:

> If a court order has not been previously entered ... the director may issue a notice and finding of financial responsibility to a parent who owes a state debt or is responsible for the support of a child on whose behalf the custodian of that child is receiving support enforcement services from the division pursuant to section 454.425.

This statute requires service of the notice and finding on the parent, which notice indicates that if the parent objects to all or any part of the notice and finding, he or she has twenty days to provide a written response to the Division stating his or her objections and requesting a hearing. § 454.470.1(7). "If a timely written response setting forth objections and requesting a hearing is received by the appropriate division office, and if such response raises a factual question requiring the submission of evidence, a hearing shall be held in the manner provided by section 454.475." § 454.470.4. The hearing is to be "full and fair." § 454.475.3. Section 454.475.4 provides:

> If the person who requests the hearing fails to appear at the time and place set for the hearing, upon a showing of proper notice to that parent, the hearing officer shall enter findings and order in accordance with the provisions of the notice and finding of support responsibility unless the hearing officer determines that no good cause therefor exists.

"Any parent ... adversely affected by such decision may obtain judicial review

pursuant to sections 536.100 to 536.140, RSMo, by filing a petition for review in the circuit court of proper venue within thirty days of mailing of the decision." § 454.475.5.

Section 536.100 directs, in pertinent part, that "[a]ny person *who has exhausted all administrative remedies provided by law* and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute[.]" (Emphasis added.)

■ The Division argues that because Hayes did not participate in the hearing, he did not exhaust his administrative remedies, and, therefore, he could not appeal to the circuit court. Because subject matter jurisdiction is an issue of law, our review of whether the circuit court had jurisdiction is *de novo.* *Parker v. City of Saint Joseph,* 167 S.W.3d 219, 221 (Mo. App. W.D.2005).

■ The doctrine of exhaustion of remedies is a jurisdictional requirement. *Pessin v. State Tax Comm'n,* 875 S.W.2d 143, 146 (Mo.App. E.D.1994). This rule requires that, before applying to the courts for relief, all remedies must be exhausted at the administrative level. *Green v. City of St. Louis,* 870 S.W.2d 794, 796 (Mo. banc 1994). If all administrative remedies have not been exhausted, the circuit court lacks subject matter jurisdiction to judicially review the administrative decision. *Id.*

As set forth above, Hayes attempted to participate in the administrative proceedings by requesting a hearing. However, he was unable to physically attend the hearing. The Division points out that this court has held that administrative remedies are not exhausted when a parent fails to attend the administrative hearing he or she has requested. *Doody v. State of Mis-* *souri, Dep't of Soc. Servs., Div. of Child Support Enforcement,* 993 S.W.2d 563, 567 (Mo.App. W.D.1999). In *Doody,* the Division modified Doody's court-ordered child support. *Id.* at 564. Doody requested an administrative hearing by the Division and the Division mailed a notice of hearing to Doody's last known address. *Id.* On the day of the hearing, the hearing officer attempted to reach Doody by telephone so he could participate. *Id.* After these attempts were unsuccessful, the hearing officer proceeded without Doody's participation. *Id.* The hearing officer entered findings and an order in default against Doody, modifying his child support payment. *Id.* at 565. Doody petitioned for judicial review, and the circuit court set aside the administrative order of the Division. *Id.* The Division appealed, claiming that the circuit court lacked subject matter jurisdiction to hear Doody's petition because he failed to exhaust all of his administrative remedies. *Id.* This court agreed and held that because Doody had failed to attend his requested administrative hearing, he failed to exhaust his administrative remedies, so the circuit court lacked subject matter jurisdiction to hear his petition for judicial review. *Id.* at 567. We reasoned that merely requesting an administrative hearing and sustaining a default decision without actually appearing at the hearing is contrary to the purposes of the exhaustion requirement. *Id.* at 566. Thus, we reversed and remanded the case with directions that Doody's petition for judicial review be dismissed. *Id.*

■ As explained in *Schierding v. Missouri Dental Bd.,* 705 S.W.2d 484, 486 (Mo.App. E.D.1985):

"Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to

correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."

(Quoting *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975)). Allowing a party to file a petition for judicial review based on a default judgment after failing to follow through with the administrative process would allow the party to bypass administrative review by the proper agency, effectively making agency review incomplete or meaningless.

However, the facts in the present case are different than those presented in *Doody.* Doody intentionally, or through neglect, failed to follow through with his administrative remedies. Also, the hearing officer made a reasonable effort to reach Doody by phone so he could participate. Here, Hayes properly pursued his administrative remedies up to the time of the hearing—a hearing he obviously could not attend in person. Hayes informed the Division of his desire to participate in the hearing and of his exact location. However, the Division's hearing officer did not make any effort to contact Hayes so he could participate telephonically, which, apparently, is a common way the hearings are conducted. The Division would have easy access to the phone number because Hayes was incarcerated at one of the State's own facilities. There may be other obstacles to giving someone in Hayes's position a full and fair hearing, as required by the statute, but the Division does not illustrate any in this appeal. Of course, a hearing officer is not required to ensure the participation of every party but is only required to make a reasonable effort under the circumstances of the case.

Requiring the Division to make a reasonable effort to contact Hayes is in keeping with the reasoning behind the rule of exhaustion of remedies, in that it gives the agency an opportunity to correct any errors in reaching the most fair and accurate result possible and gives the court the most complete record on appeal. Hayes's actions in this case certainly do not indicate a desire to bypass the administrative process. On the contrary, he tried to participate in the process. We hold that Hayes was not allowed a reasonable opportunity to participate in a full and fair hearing under section 454.475.

As a result of our holding, it is unnecessary to address the Division's second argument regarding Hayes's failure to provide the circuit court with the record of the Division's hearing.

### Conclusion

Because Hayes was not allowed a reasonable opportunity for a full and fair hearing, we reverse the Division's order and remand for further proceedings consistent with our opinion.

SPINDEN, P.J., and HOLLIGER, J., concur.