Kenneth Scott LAUGHLIN,
Plaintiff–Respondent,

v.

Janice Florence ABNEY, a/k/a Janice
Florence Witthaus, a/k/a Janice
McDowell, Defendant, and State of
Missouri, Department of Social Ser-
vices, Family Support Division, Defen-
dant–Appellant.

No. 28443.

Missouri Court of Appeals,
Southern District,
Division Two.

May 29, 2008.

State of Missouri, Department of Social
Services, Family Support Division, Jeremi-
ah W. (Jay) Nixon, Atty. Gen., and Doug
Noland, Assistant Attorney General, Kan-
sas City, MO, for appellant.

No brief filed by respondent.

GARY W. LYNCH, Chief Judge.

The Family Support Division of the Department of Social Services ("Division") appeals from the trial court's judgment granting a permanent injunction which prevents the Division from suspending the driver's license of Kenneth Laughlin ("Father") for his failure to pay child support. The judgment also found that Father has satisfied all of his child support obligations. On appeal, the Division contends the trial court lacked jurisdiction to enter its judgment because Father failed to exhaust all of his available administrative remedies before proceeding to the trial court. We reverse and remand with directions to dismiss the petition.

### Factual and Procedural Background

Father and Janice Abney ("Mother") have two children, born in 1984 and 1985. Father and Mother lived together for a period of time but separated in January of 1986. Father had custody of the children from 1987 until 1994, when Mother obtained custody of the children. Father had custody of the children again in 1998, and the children subsequently became emancipated. Father has been subject to several different child support orders from several different counties in Missouri, including one from Jefferson County, which is the basis for this case. In March of 2006, Father received a notice from the Division that unless he took appropriate action, his driver's license would be suspended under sections 454.1000 to 454.1027,[1] for failure to pay past-due child support owed to Jefferson County and to Mother. The notice listed the available actions he could take in response, as provided by section 454.1003.3, which included: (1) enter into a payment agreement, (2) pay the entire past-due amount, or (3) request an administrative hearing. The notice stated that Father's license would be suspended unless he took one of the three available actions within sixty days of his receipt of the notice.

Father did not pursue any of the available actions provided by the statute and as listed in the notice after he received the notice sometime during March 2006, but instead filed a petition with the Circuit Court of Dent County in April 2006. Father's petition sought temporary and permanent injunctive relief against the Division and Mother from the suspension of his driver's license and from further efforts to collect child support, which Father claimed he did not owe because he should be credited for the times he had custody of the children.

Following a hearing on Father's petition, the trial court entered its judgment, finding that Father had satisfied all child support obligations and permanently enjoining the Division and Mother from any further efforts to collect child support from Father, including the loss of driving privileges of Father. This appeal followed.

### Standard of Review

■ The Division contends on appeal that the trial court lacked jurisdiction to enter its Judgment.[2] Questions of circuit court jurisdiction are solely issues of law and are reviewed *de novo*. *Kunzie v. City of Olivette*, 184 S.W.3d 570, 572 (Mo. banc 2006); *Pettigrew v. Hayes*, 196 S.W.3d 53, 56 (Mo.App.2005).

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Father did not file a brief. "While there is no penalty for that omission, it requires this court to adjudicate [an appellant's] claims of error without the benefit of whatever argument, if any, [the respondent] could have made in response." *In re Estate of Klaas*, 8 S.W.3d 906, 908 (Mo.App.2000).

### Discussion

■ In Point I, the Division contends that the trial court did not have jurisdiction to enter its judgment, because Father failed to exhaust his administrative remedies before seeking relief from the trial court, in that Father did not request an administrative hearing as directed in the notice he received from the Division. We agree and find this point dispositive.

Section 454.1003 authorizes the Division to suspend the driver's license, among other licenses, of a person who owes past-due child support. The procedures for doing so are set out in sections 454.1000 through 454.1025. A notice of intent to suspend the license is required to be sent to the person, advising the person that within sixty days of receipt of the notice he may request an administrative hearing, which will be subject to the contested case provisions of chapter 536. Section 454.1003. "Upon timely receipt of a request for hearing from an obligor, the ... director shall schedule a hearing to determine if suspension of the obligor's license is appropriate." Section 454.1005.3. "The determination of the director, after a hearing pursuant to this section, shall be a final agency decision and shall be subject to judicial review pursuant to chapter 536, RSMo." Section 454.1005.7.

Section 536.100, RSMo Cum.Supp.2006, directs, in pertinent part, that "[a]ny person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute[.]"

"If an obligor fails to respond, without good cause, to a notice of intent to suspend a license, timely request a hearing or comply with a payment plan, the obligor's defenses and objections shall be considered to be without merit and the court or director may enter an order suspending the obligor's license[.]" Section 454.1005.2.

However, pursuant to section 454.1010, "[a]n obligor may, at any time, petition a court ... for an order to stay the suspension of a license." "The court ... may stay suspension of a license upon a showing that a suspension or continued suspension of a license would create a significant hardship to the obligor, the obligor's employees, any legal dependents residing in the obligor's household, or persons, businesses or other entities served by the obligor." Section 454.1010.3. Section 454.1010 further directs that "[t]his section shall be the exclusive remedy for the obligor to obtain an order staying suspension of a license pursuant to sections 454.1000 to 454.1025." Section 454.1010.9.

No cases have previously been decided under this statutory scheme for suspending licenses for failure to pay child support. Thus, the issue raised by the Division is of first impression.

We first observe that the statutory procedure governing the determination on the suspension of a license are governed by sections 454.1003 and 454.1005, while the procedure for obtaining a stay of a suspension is governed by section 454.1010. These separate procedures are acknowledged in section 454.1010.2, which provides: "The court ... may consider the obligor's petition for a stay separately from any determination on the suspension of a license." Section 454.1010.2.

Father's petition alleges, in pertinent part:

5. The [Division and Mother] continue to collect child support from [Father] when there is no longer any current or past due child support.

6. The [Division and Mother] refuse to cease collection efforts and have

caused the suspension of [Father's] driver's license.

7. [Father] will be irreparably harmed if the Court does not enter an Order directing the [Division and Mother] to cease and desist from further collection efforts and direct them to cause the reinstatement of [Father's] driver's license.

8. [Father] alleges that the child support payments collected exceed the amount due when the Court credits [Father] for the payments made and the time the child lived with [Father].

Father's petition prays for "a permanent injunction enjoining [Division and Mother] ... from engaging in any further collection efforts; and directing the [Division] to cause the reinstatement of [Father's] driver's license." Father's allegations and the prayer in his petition find fault with and seek to correct the Division's determination suspending his driver's license. As such, the petition is challenging the administrative determination made by the Division, pursuant to section 454.1003; not simply requesting a hardship stay of the suspension, pursuant to section 454.1010.

The doctrine of exhaustion of remedies from section 536.100 is a jurisdictional requirement. *Kunzie*, 184 S.W.3d at 572; *Pettigrew*, 196 S.W.3d at 56. The rule requires that all remedies must be exhausted at the administrative level before applying to the courts for relief. *Kunzie*, 184 S.W.3d at 572; *Pettigrew*, 196 S.W.3d at 56. "If all administrative remedies have not been exhausted, the circuit court lacks subject matter jurisdiction to judicially review the administrative decision." *Pettigrew*, 196 S.W.3d at 56. The policy reasons for requiring exhaustion include "preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Low v. State Dept. of Corrections*, 164 S.W.3d 566, 570 (Mo.App. 2005).

In the instant case, Father did not exhaust his administrative remedies, because he did not request a hearing as provided by statute and as advised to do in the notice he received from the Division. Because Father did not exhaust his available administrative remedies, the trial court did not have jurisdiction to consider his petition. *Kunzie*, 184 S.W.3d at 572; *Pettigrew*, 196 S.W.3d at 56.

### Decision

We reverse the trial court's judgment and remand the case with directions to dismiss the petition for lack of jurisdiction.

RAHMEYER, J., and BURRELL, J., concur.