**Lee SCHROEDER, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.**

No. SD 29568.

Missouri Court of Appeals, Southern District, Division One.

Oct. 29, 2009.

Chris Koster, Atty. Gen., J. David Bechtold, Special Asst. Atty. Gen. of Jefferson City, MO, for Appellant.

David A. Cole of Cassville, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

The Director of Revenue (the Director) denied a Missouri driver's license to Lee Schroeder (Schroeder) because his California driving privileges had been suspended for failure to pay child support. The Director relied upon § 302.600, the Driver's License Compact (the Compact), as the basis for the denial.[1] Schroeder challenged that decision, and the trial court entered a judgment ordering the Director to issue Schroeder a Missouri driver's license. Because the suspension of a person's driving privileges in another state for failure to pay child support is not a violation relating to the operation of a motor vehicle as required by the Compact, the judgment is affirmed.

## I. Factual and Procedural Background

The relevant facts are not in dispute. The parties agree that, in 1997 and 1998, Schroeder's driver's license was suspended by the state of California for failing to pay child support.[2] His California driver's license has not been reinstated and is recorded as suspended in the National Driver Register (NDR).

In 2005, Schroeder lived in Barry County, Missouri. At that time, he had been a resident of Missouri for several years. He applied for a Missouri driver's license from the Department of Revenue. Before a Missouri driver's license can be issued, the applicant's license status in all states must

be checked using the NDR. 12 CSR 10–24.325(1).[3] If the applicant's license status is shown as suspended, the application for a Missouri driver's license must be denied. 12 CSR 10–24.325(2). Because the NDR showed that Schroeder's license had been suspended in California, he was verbally notified that he would not be issued a Missouri driver's license. Other than the driver's license suspension in California for failure to pay child support, Schroeder has no convictions or violations which would prevent him from receiving a driver's license in Missouri.

When a person's application for a license is denied, § 302.311 permits the person to obtain a *de novo* review of that decision by the circuit court of the county of his residence. *Id.* In December 2005, Schroeder filed a petition in the circuit court of Barry County challenging the Director's decision. The Director has stipulated that Schroeder's petition was timely filed. *See* § 302.311 (requiring the appeal to be filed within 30 days after the applicant receives notice of the denial).

In the circuit court proceeding, it was undisputed that the State of Missouri had not suspended Schroeder's driver's license for failure to pay child support pursuant to the license suspension provisions in §§ 454.1000–.1025 of the Enforcement of Support Law (Chapter 454). Nevertheless, Schroeder argued that the court had the authority to stay the suspension pursuant to § 454.1010. The Director disagreed and argued that Schroeder's appeal was governed by Chapter 302. Pursuant to the Compact contained within that chap-

---

1. All references to statutes are to RSMo (2000).

2. A certified copy of Schroeder's California driver's record was admitted by stipulation. Schroeder's California driver's license was suspended on March 17, 1997 for nonpay-

ment of child support. Another suspension was imposed on December 20, 1998 because Schroeder failed to appear for a hearing relating to the first suspension.

3. All references to state regulations are to the Code of State Regulations (2005).

ter, the Director contended the California suspension for failure to pay child support was a violation that authorized the Director to deny Schroeder's license application. In November 2008, the trial court entered a judgment ordering the Director to issue Schroeder a Missouri driver's license. This appeal followed.

## II. Standard of Review

■ On appeal, our standard of review is well-settled. We must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002); *Laney v. Director of Revenue*, 144 S.W.3d 350, 352 (Mo.App.2004). "This Court independently evaluates the declaration and application of the law by the trial court." *Owen v. Director of Revenue*, 256 S.W.3d 605, 608 (Mo.App.2008). In addition, this Court is primarily concerned with the correctness of the trial court's result, rather than the route taken by the trial court to reach that result. *Business Men's Assur. Co. of America v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999). Therefore, we will affirm the trial court's judgment under any reasonable theory supported by the evidence. *Jackson v. Cannon*, 147 S.W.3d 168, 173 (Mo.App.2004); *Mann v. Director of Revenue*, 140 S.W.3d 106, 109 n. 3 (Mo.App. 2004).

## III. Discussion and Decision

The Director contends the trial court erred as a matter of law in ordering the Director to issue Schroeder a Missouri driver's license. Two arguments are advanced in support of reversal.

■ First, the Director contends that the Chapter 454 license suspension and stay procedures are inapplicable here.

This Court agrees. The statutory framework for enforcing a support obligation includes the authority "to suspend the driver's license, among other licenses, of a person who owes past-due child support." *Laughlin v. Abney*, 254 S.W.3d 255, 257 (Mo.App.2008); § 454.1003. The procedures for doing so are set out in §§ 454.1000–.1025. *Laughlin*, 254 S.W.3d at 257. Only the director of the division of child support or a court may issue an order suspending a child support obligor's license. § 454.1003.1; § 454.1008.2. "The obligor may not appeal the suspension of a license pursuant to sections 454.1000 to 454.1025 pursuant to any other law, including, but not limited to, section 302.311, RSMo. The exclusive procedure for appeal is provided in sections 454.1000 to 454.1025." § 454.1008.3. In the case at bar, Schroeder's application for a Missouri driver's license was denied because a review of the NDR showed that his California driving privileges had been suspended for failure to pay child support. It is undisputed that neither a Missouri court nor the director of the division of child support had issued an order pursuant to §§ 454.1000–.1025 suspending Schroeder's Missouri driving privileges. Therefore, the exclusive remedy provision in § 454.1008.3 and the stay provisions in § 454.1010 have no application here. The denial of Schroeder's driver's license application and his appeal therefrom are governed by Chapter 302, rather than Chapter 454. Although the trial court may have incorrectly based its ruling on § 454.1010, the Director is entitled to reversal only if the Compact authorizes the denial of Schroeder's license application due to his California suspension for failing to pay child support. *Mann*, 140 S.W.3d at 110 n. 3 (Mo.App.2004). We address that argument next.

■ The Director contends the trial court misapplied the law by not interpreting the Compact to give the Director the authority to deny Schroeder's driver's license application. Both California and Missouri are parties to the Compact, which is set forth in § 302.600.[4] We begin our analysis by examining Article I of the Compact, which states:

Findings and Declaration of Policy

(a) The party states find that:

(1) *The safety of their streets and highways is materially affected by the degree of compliance with state and local ordinances relating to the operation of motor vehicles.*

(2) *Violation of such a law or ordinance is evidence that the violator engages in conduct which is likely to endanger the safety of persons and property.*

(3) The continuance in force of a license to drive is predicated upon compliance with laws and ordinances relating to the operation of motor vehicles, in whichever jurisdiction the vehicle is operated.

(b) It is the policy of each of the party states to:

(1) Promote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles.

(2) Make the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the overall compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states.

§ 302.600, art. I (italics added). Thus, the objective of the Compact is to promote a driver's compliance with laws, ordinances, rules and regulations relating to the operation of motor vehicles. It is this type of violation which provides evidence that the driver engages in conduct which is likely to endanger the safety of persons or property.

■ The conduct at issue here is failure to pay child support. In our view, such conduct is completely unrelated to a person's compliance, as a driver, with laws, ordinances, rules or regulations relating to the operation of a motor vehicle. The failure to pay child support provides no evidence whatsoever that the person will engage in conduct, while operating a motor vehicle, which is likely to endanger the safety of persons or property. Accordingly, this Court holds that the Director was not authorized by the Compact to deny Schroeder's application for a Missouri driver's license because his California driver's license had been suspended for failure to pay child support.

■ In so holding, we have considered and rejected the Director's contention that the denial was support by Article V(1)

---

4. "California is party to the interstate Driver License Compact." *Isaac v. Department of Motor Vehicles*, 155 Cal.App.4th 851, 66 Cal. Rptr.3d 372, 372 (2007); *see* Cal. Vehicle Code, § 15000 *et seq.* In Missouri, § 490.080 states that "[e]very court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States." *Id.* Section 490.090 permits a Missouri court to "inform itself of such laws in such manner as it may deem proper...." *Id.* This Court has reviewed and taken judicial notice of California law for the purpose of considering the appeal in this case. *See Mann v. Director of Revenue*, 140 S.W.3d 106, 109 n. 4 (Mo.App.2004).

of the Compact. In relevant part, this provision states:

Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held, or is the holder of a license to drive issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:

(1) The applicant has held such a license, but the same has been *suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated.*

§ 302.600, art. V(1) (italics added). The Director argues the word "violation" in Article V(1) not only applies to a driving violation, but "brings within its purview any violation of law, such as failure to pay child support." We reject this argument. In *Mann v. Director of Revenue*, 140 S.W.3d 106 (Mo.App.2004), this Court interpreted Article V(1) to mean that "[i]f the license is suspended by reason of a *driving* violation," the applicant cannot obtain Missouri driving privileges until such suspension has terminated. *Id.* at 108 (emphasis added); *see Lackey v. Lohman*, 914 S.W.2d 51, 52 (Mo.App.1996) (holding that the Director properly denied Lackey's Missouri license application because his Indiana driver's license was still suspended due to prior convictions for operating a motor vehicle while intoxicated). Our task in interpreting § 302.600 is to harmonize all of its provisions and to give some meaning to every word, clause, sentence and section thereof. *See Staley v. Missouri Director of Revenue*, 623 S.W.2d 246, 250 (Mo. banc 1981). We believe this interpretation of Article V(1) harmonizes the meaning of the word "violation" as it is used in Articles I and V. The findings in Article I demonstrate to us that party states intended for the suspension provi-

sions in Article V to only be invoked if the out-of-state suspension resulted from the violation of a law, ordinance, rule or regulation relating to the operation of a motor vehicle. This interpretation also promotes the policy of the Compact, which is to increase safety on our streets and highways. *See McDonald v. Department of Motor Vehicles*, 77 Cal.App.4th 677, 91 Cal. Rptr.2d 826, 829 (2000) (the Compact is specifically intended to increase highway and street safety by promoting compliance with laws, ordinances and administrative rules and regulations relating to the operation of motor vehicles). The Director cites no relevant authority for its argument that any violation of the law meets the requirements of Article V of the Compact. In this Court's independent research, no reported appellate decision was found in which the suspension or revocation provisions in Article V had been invoked based upon something other than a driving violation. *See, e.g., Mann*, 140 S.W.3d at 108; *Lackey*, 914 S.W.2d at 52; *Isaac v. Department of Motor Vehicles*, 155 Cal. App.4th 851, 66 Cal.Rptr.3d 372, 373 (2007) (involving Ohio conviction of driving under the influence); *McDonald*, 91 Cal.Rptr.2d at 827 (involving Colorado conviction for driving while ability impaired). We believe this interpretation of the statute is reinforced by the fact that Chapter 454 contains a comprehensive statutory framework to suspend a person's driving privileges for failing to pay child support, as well as to seek a stay of that decision or appeal therefrom. §§ 454.1000–.1025. The exclusive remedy provision in § 454.1008.3 compels the conclusion that the legislature intended for Chapter 454 to provide the only basis for suspending a person's license based upon his or her failure to pay child support. The Director's assertion that the Compact provides an alternative basis to deny an applicant a driver's li-

cense for failing to pay child support has no merit.

Schroeder's California driver's license was suspended for failing to pay child support, which is not a driving violation. Therefore, the Director's denial of Schroeder's application was not authorized by Article V(1) of § 302.600. The trial court did not err in ordering the Director to issue a Missouri driver's license to Schroeder. Point denied.

The judgment of the trial court is affirmed.

BARNEY and BURRELL, JJ., Concur.