

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

JOHN M. KELLY,              )
                                     )
             Appellant,   )
                                     )
v.                             )    WD77544
                                     )
                                   )    OPINION FILED:
MISSOURI DEPARTMENT OF SOCIAL    )    March 10, 2015
SERVICES, FAMILY SUPPORT         )
DIVISION,                      )
                                   )
             Respondent.   )

### Appeal from the Circuit Court of Caldwell County, Missouri
### The Honorable R. Brent Elliott, Judge

**Before Division I:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Gary D. Witt, Judges

John M. Kelly ("Kelly") appeals, *pro se*, from the judgment of the Circuit Court of Caldwell County, Missouri ("circuit court"), affirming an administrative ruling suspending Kelly's driver's license for his failure to pay child support and spousal support.

On appeal, we review the administrative agency's decision rather than the judgment of the circuit court; however, we affirm or reverse the circuit court's judgment based upon our review of the administrative decision. *Schumer v. Lee*, 404 S.W.3d 443, 445 (Mo. App. W.D. 2013). We affirm the judgment of the circuit court.

## Factual and Procedural Background[1]

On December 30, 2003, the Monroe County, New York, Supreme Court granted Marianne Trecaso ("Trecaso") a Judgment of Absolute Divorce ("New York Judgment"), dissolving her marriage to Kelly. Trecaso was awarded sole custody of the parties' three minor children. Kelly was ordered to pay $1613.34 bi-monthly to Trecaso as child support and also ordered to pay $3000 per month as spousal maintenance to Trecaso. The amount of child support decreased as the children reached ages of emancipation, the youngest of which reached the age of emancipation on May 7, 2012. Kelly did not pay the child or spousal support as ordered by the New York Judgment.

The State of New York filed a Request to Register a Foreign Support Order with the circuit court. On August 30, 2012, after a hearing in which Kelly contested the foreign support order registration, the circuit court entered a Confirmation of Registered Order, which confirmed the Foreign Support Order issued by the State of New York and confirmed Kelly's arrearage amount of $369,543.16 as of May 7, 2012. Kelly did not appeal from the circuit court's Registration of Foreign Support Order.

On September 29, 2013, Kelly was served with a Notice of the Family Support Division's ("Division") intent to suspend his driver's license, alleging that according to Division records, as of August 20, 2013, Kelly owed $414,543.16 in past due support. Kelly requested an administrative hearing, which was held December 4, 2013, with Trecaso, Kelly, and a Child Support Enforcement Specialist participating.

The Specialist testified that the parties' youngest child is now emancipated and that Kelly's child support obligation ended as of May 7, 2012; however, his spousal support

---

[1] In reviewing an administrative agency's decision, we consider the whole record, not merely the evidence that supports the agency's decision, and we no longer view the evidence in the light most favorable to the agency's decision. *Lagud v. Kansas City Bd. of Police Comm'rs*, 136 S.W.3d 786, 791 (Mo. banc 2004).

continues to accrue at $3000 per month. As of September 29, 2013, the record reflected that Kelly owed $417,543.16 in past due support.

Kelly admitted that he was the person that was ordered to pay child support by the New York court. Kelly also admitted that he did not make any direct payments to Trecaso for which he had not been given credit and that the children did not ever live with him for an extended period of time without returning to Trecaso's care. Kelly testified as to why he believed he did not owe the support and why he believed the Division did not have the legal authority to suspend his driver's license.

Trecaso testified that she agreed with the amounts of child and spousal support owed by Kelly as stated by the Specialist and that Kelly still owes the full amount of child and spousal support.

The hearing officer issued the Director of the Missouri Department of Social Services' ("Director") Decision on February 20, 2014, finding a total combined child support and maintenance arrearage as of September 29, 2013, of $417,543.16. The hearing officer affirmed the Division's action, concluding that the Division had the statutory authority to suspend Kelly's license as a person who owes a child support arrearage greater than or equal to three months support or $2500, whichever is less, pursuant to sections 454.1003.1(1) and 454.1005.4(2).

Kelly filed a petition for review of the Decision with the circuit court. The circuit court affirmed the Decision.

Kelly timely appeals.

**Standard of Review**

Article V, section 18 of the Missouri Constitution authorizes judicial review of agency decisions to determine whether the decision is "supported by competent and substantial evidence

3

upon the whole record." "An appellate court reviews the decision of the agency rather than the decision of the circuit court." *Stone v. Mo. Dep't of Health & Senior Servs.*, 350 S.W.3d 14, 19 (Mo. banc 2011). The appellate court reviews whether the agency's decision:

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

§ 536.140.2.

We defer to the administrative hearing officer's credibility determinations and the weight given to evidence. *Stone*, 350 S.W.3d at 20 (citing § 536.140.3). We will not substitute our judgment for that of the administrative hearing officer on factual matters. *Id.* When the agency's decision involves a question of law, we review the question *de novo*. *Id.* (citing § 536.140.3).

**Analysis**

**Point I**

In the first of six points raised on appeal, Kelly alleges that the trial court applied an improper standard when it reviewed the Director's Decision. "Where, such as here, a party seeks review of an agency decision, both the circuit court and this court review the agency's decision." *Rice v. State, Dep't of Soc. Servs.*, 971 S.W.2d 840, 842 (Mo. App. E.D. 1998). Because we review the decision of the agency and not the judgment of the circuit court, it is inappropriate for

4

the point relied on to allege circuit court error instead of agency error. *Id.* at 842. As such, Kelly's first point must be dismissed. *Id.*[2]

Point I is dismissed.

**Point II**

In his second point, Kelly contends that the Division erred in enforcing the support orders from the New York Judgment. In essence, Kelly is contending that the New York court erred in entering the child support and spousal support orders in violation of 15 U.S.C. §§ 1671-1673, though he apparently has not sought or received a ruling from a New York appellate court establishing error in the New York Judgment. He then characterizes the New York Judgment and/or Foreign Support Order as a "garnishment order" and attempts to litigate the validity of the New York rulings in this Missouri appeal from an administrative suspension of his driver's license in the state of Missouri. Kelly argues that because the New York court ordered in excess of 60% of his wages garnished, and 15 U.S.C. § 1673 prohibits the garnishment of more than 60% of an individual's aggregate disposable earnings for a workweek, the Division had no authority to rely upon a final judgment from the state of New York or the Registration of Foreign Support Order (which had previously been confirmed by the circuit court and thus registered in the state of Missouri, without appeal therefrom) by suspending his driver's license.

There is no dispute that the Foreign Support Order was registered in Missouri. The registered order "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state." § 454.953(b). The Confirmation of Registered Order confirmed both the order of support issued by the State of New York and arrearages in the amount of $369,543.16 as of May 7, 2012. Suspending an obligor's license when the obligor is

---

[2] Irrespective, Kelly's ultimate complaint is that he requested *de novo* review of the agency's application of law to the undisputed facts. This is, in part, precisely what the circuit court did, stating in its judgment, "the Decision of the Division was made upon lawful procedure" and "was authorized by law."

5

not making child support payments in accordance with a support order and owes an arrearage in an amount greater than or equal to three months support payments or $2500, whichever is less, as of the date of service of a notice of intent to suspend such license is one of the expressly authorized means of enforcement. § 454.1003.1(1). Clearly, the confirmed arrearage exceeds the statutory minimum. Accordingly, the Division was statutorily authorized to suspend Kelly's driver's license.

Further, the Division's enforcement action in suspending Kelly's driver's license is not a garnishment action and 15 U.S.C. §§ 1671-1673 are inapplicable to it. "The term 'garnishment' means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." 15 U.S.C. § 1672(c). Kelly's earnings have not been "garnished" by the subject administrative ruling. Simply put, this is not a garnishment action and Kelly's citation to federal statutory garnishment law is inapplicable.

Still further, Kelly relies on 15 U.S.C. § 1673 in his collateral attack on the New York Judgment. However, that statute is a restriction on garnishment and expressly provides that the maximum allowable garnishment restrictions contained in subsection (a) of the statute "do *not* apply in the case of any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review." 15 U.S.C. § 1673(b)(1)(A) (emphasis added). Hence, 15 U.S.C. § 1673 is inapplicable to the New York Judgment or corresponding Foreign Support Order.

Finally, Kelly's attempt to challenge the validity of the New York Judgment in this case constitutes an impermissible collateral attack. "A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment."

6

*Lyons v. Sloop*, 40 S.W.3d 1, 9 n.4 (Mo. App. W.D. 2001) (internal quotation omitted). "A judgment rendered by a court having jurisdiction of the parties and subject matter . . . is not open to collateral attack in respect to its validity or conclusiveness of the matters adjudicated." *Id.* at 9 (internal quotation omitted).[3]

Point II is denied.

## Point III

In his third point, Kelly contends that the Division erred in approving suspension of his driver's license because, "I am in accord with all support orders." Kelly argues that since his children have all reached the age of emancipation, any "current" obligation to pay child support has been terminated. Kelly submits that section 454.1003.1(1) does not apply to him because he does not owe any *current* child support obligations, only *arrearages*. Kelly's interpretation of section 454.1003—void of any case precedent in support thereof—is borderline frivolous.

"Section 454.1003 authorizes the Division to suspend the driver's license, among other licenses, of a person who owes *past-due* child support." *Laughlin v. Abney*, 254 S.W.3d 255, 257 (Mo. App. S.D. 2008) (emphasis added). Specifically, license suspension is authorized "[w]hen the obligor is not making child support payments in accordance with a support order and owes an arrearage in an amount greater than or equal to three months support payments or two thousand five hundred dollars, whichever is less, as of the date of service of a notice of intent to suspend such license[.]" § 454.1003.1(1). An "arrearage" is defined as:

the amount created by a failure to provide:

(a) Support to a child pursuant to an administrative or judicial support order; or

---

[3] *Ex gratia*, we note that even Kelly's reference to a 60% maximum garnishment rate is inapplicable where, as here, the New York Judgment was ordering payment of child and spousal support which, pursuant to 15 U.S.C. § 1673(b)(2)(B), is subject to a 65% maximum garnishment rate. Kelly admits in his briefing that, even under his mathematical calculation, the New York Judgment's support obligations do not exceed 65% of his weekly disposable earnings.

7

(b) Support to a spouse if the judgment or order requiring payment of spousal support also requires payment of child support and such spouse is the custodial parent[.]

§ 454.1000(1).

The primary rule of statutory construction requires that this court ascertain the legislature's intent by considering the plain and ordinary meaning of the words used in the statute. *Exchange Bank of Mo. v. Gerlt*, 367 S.W.3d 132, 134 (Mo. App. W.D. 2012). We do not need to apply canons of construction when a statute can be easily read and understood. *Id.* Here, the meaning of the statute is clear: the Division may issue an order suspending an obligor's license when the obligor is not making child support payments in accordance with a support order and owes a specified minimum arrearage. The statute does not require the obligor to have a "current" or "continuing" support obligation or order.

Kelly was ordered by the New York Judgment to make child support payments. By his own admission, Kelly refused to abide by the terms of the New York Judgment and a six-figure arrearage presently exists. The Confirmation of Registered Order, which was in evidence at the hearing, confirmed Kelly's arrearage amount at $369,543.16 as of May 7, 2012. At the administrative hearing, the Child Support Enforcement Specialist testified that as of the date the Division issued its notice, Kelly owed an arrearage of $417,543.16 in past due support, which is an amount far greater than the $2500 statutory minimum. Kelly admitted at the administrative hearing that he had made no direct payments to Trecaso for which the Division had failed to give him credit. No evidence was presented at the hearing that Kelly had entered into a payment plan with the Division. Accordingly, the Division was statutorily authorized to suspend Kelly's driver's license.

Point III is denied.

8

**Point IV**

In his fourth point, Kelly contends that the Division erred by holding that section 454.1005.4 barred Kelly from asserting "the protection of RSMo 454.1003 and other controlling legal authority at a license suspension hearing." Section 454.1005.4 states:

> If the action [to show cause for suspension for a license] involves an arrearage, the only issues that may be determined in a hearing pursuant to this section are:
>
> (1) The identity of the obligor;
>
> (2) Whether the arrearage is in an amount greater than or equal to three months of support payments or two thousand five hundred dollars, whichever is less, by the date of service of a notice of intent to suspend; and
>
> (3) Whether the obligor has entered a payment plan. If the action involves a failure to comply with a subpoena or order, the only issues that may be determined are the identity of the obligor and whether the obligor has complied with the subpoena or order.

At the hearing, the hearing officer determined that:

- Kelly credibly testified that: (1) he is the person ordered to pay child support in accordance with the New York Judgment and subsequent orders; (2) he made no direct payments to Trecaso for which he failed to receive credit, and he is not entitled to any period of statutory abatement;

- the Division showed a support arrearage of $417,543.16 as of the date of service of the hearing notice;

- there was no evidence or testimony that Kelly had entered into a payment plan with the Division;

- Trecaso testified that she agreed with the Division's calculation of the support arrearage; and

9

- the Child Support Enforcement Specialist testified that spousal maintenance continues to accrue at the rate of $3000 per month, and the State of Missouri has received no payments from Kelly.

Accordingly, the Division conducted its hearing and made its determination as it is statutorily authorized and directed to do pursuant to section 454.1005.4. Furthermore, as we have discussed in Point III, section 454.1003 offers Kelly no shelter from the agency's action.

Point IV is denied.

## Point V

In his fifth point, Kelly asserts that the Division erred by not following the requirement of section 454.1003 that there must be an arrearage to suspend a driver's license. He contends that he does not owe any arrearage. Of course, this is in direct contradiction to Kelly's assertion in his appellate brief in support of Point III, wherein Kelly argues, "I do not owe any current child support obligations, only arrears." We conclude that the record before the Division clearly demonstrated a significant arrearage.

An "arrearage" as defined in section 454.1000(1) is:

the amount created by a failure to provide:

(a) Support to a child pursuant to an administrative or judicial support order; or

(b) Support to a spouse if the judgment or order requiring payment of spousal support also requires payment of child support and such spouse is the custodial parent[.]

A Confirmation of Registered Order was filed August 30, 2012, in the circuit court, which confirmed Kelly's arrearage amount of $369,543.16 as of May 7, 2012. The Child Support Enforcement Specialist testified at the administrative hearing that as of the date of the license suspension notice, August 20, 2013, Kelly owed child support of $129,916.93 and spousal

10

support of $287,626.23 and that Missouri has not received any payments. The hearing officer determined that as of September 29, 2013, Kelly's combined child support and spousal support arrearage was $417,543.16. This arrearage finding is supported by substantial evidence in the record and is clearly in excess of the statutory minimum in section 454.1003.1(1) of an amount greater than or equal to three months support or $2500, whichever is less. Accordingly, the Division was statutorily authorized to suspend Kelly's driver's license. The hearing officer's Decision is supported by competent and substantial evidence upon the whole record.

Point V is denied.

## Point VI

In his sixth point, Kelly avers that the Division was without statutory authority to bring an enforcement action and suspend his driver's license because his children are no longer minors.

Kelly was ordered to pay child support for his children before their emancipation. The Child Support Enforcement Specialist testified that the parties' children are emancipated; that Kelly's *continuing* child support obligation ended as of May 7, 2012; that as of the date of license suspension notice, August 20, 2013, Kelly owed child support of $129,916.93; and that Missouri had not received any payments. "The emancipation of a child does not extinguish the obligation of a parent to pay any amount of child support in arrearage at the time of emancipation." *Lyons*, 40 S.W.3d at 9. Accordingly, the Division was statutorily authorized to suspend Kelly's driver's license.

Point VI is denied.

## Conclusion

We affirm the circuit court's judgment. Based upon our examination of the record as a whole, we find that there is sufficient competent and substantial evidence to support the Director's Decision that the Division had the statutory authority to suspend Kelly's driver's license.

_Mark D. Pfeiffer_
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge,
and Gary D. Witt, Judge, concur.