**Loretta S. HAYES,
Petitioner/Respondent,**

v.

**Joseph E. PORTER,
Respondent/Appellant.**

**No. ED 76094.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 26, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 2000.

Application for Transfer Denied
Dec. 5, 2000.

Nathan S. Cohen, Clayton, for respondent.

Harold G. Johnson, Law Office of Johnson & Johnson, St. Louis, for appellant.

SHERRI B. SULLIVAN, Judge.

Joseph E. Porter ("Father") appeals from a trial court judgment denying his Motion to Modify Order of Child Support. We reverse and remand with directions to dismiss for lack of subject matter jurisdiction.

Father filed his motion in August 1998 seeking to reduce child support payments to Loretta S. Hayes ("Mother") for their daughter, who was born in 1990. Father and Mother never married. The motion sought relief from a June 1994 Decision and Order, signed by an administrative hearing officer, ordering Father to pay child support in the amount of $526 per month. The Decision and Order stemmed from a Notice and Finding of Financial Responsibility, issued by the director of the Division of Child Support Enforcement ("Division") pursuant to Section 454.470.1,[1] which allows the director to issue such a determination if a court order has not been previously entered.

Father's point three on appeal raises a jurisdictional question so we address that point first. Father argues that the Decision and Order from which he sought relief was not a final judgment and therefore not enforceable because it did not comply with Rule 74.01(a).[2] To invoke appellate jurisdiction, the order of the *trial court* must be a final judgment. *Hamby v. City of Liberty,* 970 S.W.2d 382, 383 (Mo. App. W.D.1998) (emphasis added). Rule 74.01(a) provides that "judgment" includes

---

1. All statutory references are to RSMo (1994), unless otherwise indicated.

2. All rule references are to Mo. R. Civ. P. 2000, unless otherwise indicated.

a decree and any order from which an appeal lies and that a judgment is rendered when entered. Under the rule, a judgment is entered "when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." The Family Court Modification Judgment complies with this requirement.

██ However, we cannot have jurisdiction over an action in which the trial court did not have jurisdiction, and thus we must determine whether the trial court had jurisdiction over Father's Motion to Modify Order of Child Support. The Decision and Order of the administrative hearing officer was rendered under Section 454.475 on June 30, 1994. The order is enforceable during the hearing process and during any appeal to the courts of this state. Section 454.475.1. The order of the hearing officer is the decision of the director of the Division. Section 454.475.5. Any parent adversely affected by the decision may obtain judicial review pursuant to Section 536.100 to Section 536.140 by filing a petition for review in the trial court within thirty days of mailing of the decision. *Id.* Father presents no evidence of his filing a petition for review of the Decision and Order in the trial court within thirty days of the order's mailing.

Moreover, the Decision and Order was stamped as being received and filed at the trial court on July 18, 1994. Section 454.490 provides that upon filing with the clerk in the trial court of any order by the director pursuant to Section 454.475, the clerk shall enter the order in the judgment docket. Upon docketing, the order has "all the force, effect, and attributes of a docketed order or decree of the [trial] court...." Section 454.490.1. Father presents no evidence that the clerk did not enter the order in the judgment docket. Once the Decision and Order was docketed, it became a final judgment of the trial court. *See Britz v. Reynolds,* 895 S.W.2d 645, 647 (Mo.App. W.D.1995).

Thus, Father's remedy after the Division rendered its decision was to file a petition for judicial review under Section 536.100 to Section 536.140. *Id.; see also Lewis v. Roskin,* 823 S.W.2d 152, 154 (Mo. App. E.D.1992); *State, Dept. of Social Services, Div. of Child Support Enforcement, ex rel. State of Michigan v. Branch,* 929 S.W.2d 875, 881–882 (Mo.App. S.D.1996). Section 536.110.1 provides that proceedings for review may be instituted by filing a petition in the trial court within thirty days after the mailing or delivery of the notice of the agency's final decision. The procedure contained in Section 536.110 is mandatory and must be complied with, and a failure to comply with the statute is jurisdictional. *Britz,* 895 S.W.2d at 648. Father filed a Motion to Modify Order of Child Support, not a petition for judicial review, on August 21, 1998, over four years after notice of the Division's final decision. Thus, Father failed to comply with Section 454.475 and Section 536.110 providing for timely judicial review. The Division's decision became a final judgment when Father failed to seek review within the time provided by the statute.

Father does not attack the constitutionality of these statutes, and thus we need not address the issue. We hold that the trial court had no jurisdiction over Father's Motion to Modify Order of Child Support, and its ruling was a nullity. In light of this conclusion, we need not address Father's remaining points on appeal.

However, Father is not without recourse. Section 454.500 provides that "[a]t any time after the entry of an order pursuant to [Section 454.475], the obligated parent... may file a motion for modification with the director." Should Father choose this option and he remains dissatisfied with the director's order, he again has the opportunity to file a timely petition for judicial review pursuant to Section 454.475.

Accordingly, the trial court's judgment is reversed and remanded with directions to dismiss for lack of subject matter juris-

diction. Costs on appeal are to be taxed against Father.[3]

LAWRENCE E. MOONEY, P.J., and PAUL J. SIMON, J., concur.

---

3.  Mother's Motion to Dismiss Father's Brief is    denied.