KURT S. ODENWALD, Judge *806 Introduction
Pedro Moon Nenninger ("Father") appeals the trial court's dismissal of his First Amended Petition to "withdraw judgment for fraud, mistake, and/or to modify child support." Father sought both retroactive and prospective relief from two administrative orders issued by the Family Support Division of the Missouri Department of Social Services ("FSD"), The administrative orders were docketed with the trial court and established Father's monthly child support obligations. Father raises four points on appeal. Points One, Two, and Three argue that the trial court should set aside FSD's past administrative orders. Point Four asserts that the trial court should prospectively modify his child support responsibilities. Because Father did not follow the administrative procedure established by statute to seek modification of FSD's administrative orders, we affirm the trial court's dismissal of Father's petition seeking retroactive relief. However, we hold that the trial court erred in dismissing Father's claim for prospective relief from the administrative orders. Accordingly, we grant Father's Point Four, reverse the trial court's judgment, and remand for further proceedings.
Factual and Procedural History
I. Administrative Proceedings before FSD
Father and Rachael Lynn Wilson ("Mother") are the natural parents of Child,[1] who was born in 2003. After her birth, Child spent time in the physical custody of Debra LaFerney, her maternal grandmother ("Grandmother"). In 2006, FSD issued an administrative child support order requiring Father to pay Grandmother $49 per month. FSD docketed the order with the Phelps County Circuit Court. Thereafter, Mother applied for Temporary Assistance for Needy Families ("TANF") benefits for Child.
TANF benefits are temporary assistance and child support services provided by FSD to a parent or needy eligible relative caring for a dependent child. A person may become eligible for TANF benefits on behalf of a minor child in his or her custody when the child is deprived of parental support due to a parent's continued absence from the home. Section 208.040.1(2).[2] As an eligibility requirement to receive TANF benefits, the applicant for such benefits is required to assign to FSD any rights of support the applicant may have on behalf of the persons for whom the applicant is seeking assistance. Section 208.040.2(2).
Mother received TANF benefits from FSD for Child under this statutory framework. Pursuant to the requirements of the statute, Mother assigned to FSD her rights to obtain child support for Child from Father. FSD then initiated actions to collect child support from Father. FSD conducted an administrative hearing on April 14, 2010. After receiving evidence, FSD ordered that Father pay Mother *807 child support in the amount of $62 per month. FSD docketed the order with the St, Louis County Circuit Court on September 9, 2010 ("2010 Order"). Father did not seek administrative or judicial review of the 2010 Order.
While overseeing Child's case, FSD made several administrative determinations regarding Child's custodian, which sometimes alternated between Mother and Grandmother. Grandmother was determined to meet the requirements as a needy eligible relative. When one custodian applied for TANF benefits, FSD reinstated the order in favor of the TANF-receiving custodian and suspended the order granting benefits to the other custodian. FSD did not notify Father when the receipt of TANF benefits for Child alternated between Grandmother and Mother.
In 2015, under its assignment of rights from Mother, FSD again sought to modify Father's child support obligations and moved to increase Father's monthly child support payments to $344. FSD served Father with notice of its motion on August 24, 2015. Father contacted FSD and indicated that he would fax to FSD his request for an administrative hearing on FSD's motion. On August 27, 2015, Father arranged for his employer to fax his administrative-hearing request to FSD. FSD claimed not to have received any fax or other request from Father for an administrative hearing. Father did not confirm FSD's receipt of the fax. FSD did not hold an administrative hearing. On September 29, 2015, FSD mailed Father a copy of the default order increasing his monthly child support payment to $344. Father responded to FSD that he had requested an administrative hearing. FSD denied receiving any such request, by fax or otherwise. On October 7, 2015, FSD docketed the default order with the St. Louis County Circuit Court ("2015 Order"). Father did not seek administrative or judicial review of the 2015 Order. Almost one year after the 2015 Order was docketed with the circuit court, Father filed a petition in which he moved to set aside the judgment and 2015 Order. After the trial court granted FSD's motion to dismiss, Father filed the four-count First Amended Petition at issue here.
II. Father's First Amended Petition Seeking Judicial Relief
In Count One of the First Amended Petition, Father moved to "set aside judgment for intrinsic fraud regarding custodian of Child." Specifically, Father alleged that FSD used "self-serving statements from [Mother], her family members, or her personal acquaintances to determine whether [Child] has been in [her] physical custody" and failed to corroborate the statements made in her application for TANF benefits. According to Father, FSD and the trial court relied on false statements made by Mother in the TANF application process when the trial court entered the 2015 Order. For relief, Father asked the trial court, inter alia , to set aside the 2015 Order, to refund Father any sums paid pursuant to the 2015 Order, and to issue a finding that Mother defrauded FSD and the trial court.
In Count Two, Father moved to "withdraw judgment for extrinsic fraud regarding notice." According to Father, FSD made administrative determinations that Child's physical custodian changed between Grandmother and Mother several times after FSD docketed the initial support orders in favor of Grandmother and Mother. Father maintained that FSD failed to provide him with notice or an opportunity to be heard regarding the change in Child's custodian. Father reasoned that FSD's failure to ensure his due process rights regarding custody *808 voided the earlier 2010 Order. Father then posited that FSD misrepresented the 2010 Order's validity to the trial court during subsequent court proceedings. For relief, Father asked the trial court to set aside the 2010 Order, to refund Father for sums paid pursuant to the 2010 Order, and to declare that FSD defrauded the trial court.
In Count Three, Father moved to "set aside modification judgment for extrinsic fraud regarding default, or in the alternative, motion to withdraw modification judgment for mistake or ex[c]usable neglect regarding facsimile transmission." Specifically, Father alleged that, after FSD moved to modify his monthly child support payment in August 2015, he arranged for his employer to fax his administrative-hearing request to FSD. Father averred in the amended petition that he provided the trial court with an affidavit and telephone records demonstrating that his employer faxed the request. No affidavit or telephone records were attached or otherwise incorporated into the amended petition. Father further claimed that FSD was unable or unwilling to provide documentation as to whether it received the fax. Father alleged that FSD falsely represented to the trial court that Father did not request an administrative hearing when FSD docketed the 2015 Order with the trial court. According to Father, FSD intended that the trial court rely on FSD's false representations, and the trial court used the statements in entering the 2015 Order. Father reasoned that FSD's conduct either voided the 2015 Order, or justified having the 2015 Order set aside because of mistake or excusable neglect. For relief, Father asked the trial court to set aside the 2015 Order, to refund Father for payments made pursuant to the 2015 Order, and to proclaim that FSD's conduct voided the 2015 Order.
In Count Four, Father moved the trial court to enter a superseding order modifying his child support obligations. Father contended that there has been a continuing substantial change of circumstances because of Mother's incarceration and Father's disability since the FSD orders were docketed with the trial court. Father computed, in an attached Form 14, his new monthly child support obligation as $49. For relief, Father requested that the trial court terminate all previous orders requiring him to pay Mother for Child's support or, in the alternative, to modify prospectively his monthly child support obligation to $49.[3]
FSD filed a motion to dismiss Father's First Amended Petition, FSD asks this Court to uphold the trial court's dismissal of the First Amended Petition because Father failed to properly utilize and exhaust the administrative process required to challenge the administrative orders. FSD also maintains that Father's factual allegations failed to articulate a claim for relief.
The trial court dismissed Father's First Amended Petition, finding that "[t]he lack of factual detail and the confusing nature of [Father's] [a]mended pleading, made it extremely difficult for the Court to determine what he is actually claiming." In addressing Count One, the trial court reasoned that Father "does not allege how he was injured by [Mother] making allegedly fraudulent statements to FSD in connection with the TANF benefits" and that it would not "vacate a valid judgment based on an alleged impropriety in [Mother's] TANF benefits which have no direct bearing" on the 2015 Order, According to the trial court, Father also failed to plead why *809 Mother's alleged statements, which were not made in the context of a court proceeding, constituted fraud that justified setting aside the 2015 Order.
The trial court additionally rejected Count Two of the First Amended Petition, finding that his claim "border[ed] on being incomprehensible." The trial court ruled that Father failed to plead any factual or legal connection between FSD's administration of the TANF benefits and the 2010 Order or explain how FSD's administrative determinations concerning Child's custodians legally affected the 2010 Order. According to the trial court, Father's factual allegations were insufficient to void the 2010 Order.
The trial court also rejected Count Three of the First Amended Petition. The trial court explained that-excluding the allegations relating to the affidavits and phone records, which were not attached to the amended petition-the amended petition contained only Father's conclusory allegation that FSD represented to the trial court that Father did not timely request an administrative hearing, and thereby defaulted. Further, the trial court found that Father pleaded facts contradicting his claim of fraud, which was Father's basis for asking the trial court to vacate the 2015 Order.
Regarding Count Four, the trial court concluded that Father failed to exhaust his administrative remedies and sought relief inconsistent with a superseding judicial order that would prospectively reduce his child support obligation.[4] This appeal follows.[5]
Standard of Review
The trial court granted FSD's motion to dismiss Father's claims for relief. We review de novo the trial court's grant of a party's motion to dismiss. Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008) ; Pennington-Thurman v. Bank of Am., N.A., 486 S.W.3d 471, 475 (Mo. App. E.D. 2016), In reviewing the dismissal, "the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to the plaintiff, the plaintiff is entitled to relief." Byrne & Jones Enters., Inc. v. Monroe City R-1 Sch. Dist., 493 S.W.3d 847, 851 (Mo. banc 2016) (quoting Doss v. Doss, 822 S.W.2d 427, 428 (Mo. banc 1992) ). "If the motion to dismiss can be sustained on any ground alleged in the motion, the trial court's ruling will be affirmed." Foster v. State, 352 S.W.3d 357, 359 (Mo. banc 2011).
Points on Appeal
Father raises four points on appeal, each concluding that the trial court erred in dismissing his First Amended Petition. Points One and Three assert that the trial court erred in rejecting Father's claim to set aside the 2015 Order. Point Two posits that trial court erred in denying Father's claim to set aside the 2010 Order. Point Four charges the trial court with error in dismissing his motion for a superseding judicial order that would prospectively modify his child support responsibilities.
Discussion
Father's Points One, Two, and Three challenge the 2010 and 2015 Orders. We *810 will address these points together. We will then resolve Point Four separately.
I. Points One, Two, and Three-The Motion to Set Aside the 2010 and 2015 Orders
A. Failure to Timely Seek Administrative or Judicial Review of FSD's Administrative Orders
In Counts One, Two, and Three of his First Amended Petition, Father sought to have the trial court set aside its 2010 and 2015 Orders. In moving to dismiss the amended petition, FSD contended, in addition to its substantive arguments, that Father failed to exhaust the required administrative remedies available to him to challenge the child support orders, failed to comply with required administrative procedures, and did not seek timely judicial review of the child support orders. FSD maintains that Father's conduct precludes the trial court from now considering his petition to review the 2010 and 2015 Orders. We agree.
The facts of this case involve an interplay of separate statutes addressing the needs of eligible recipients of children's services and benefits. The legislature has tasked FSD with providing certain services to parents as set forth in Chapter 454. See Section 454.400; Werths v. Dir., Div. of Child Support Enf't, 95 S.W.3d 136, 138-39 (Mo. App. W.D. 2003). Among the services authorized by Chapter 454, FSD may establish, modify, and enforce child support orders. Sections 454.400, .425; Cole v. Dep't of Soc. Servs., Div. of Child Support Enf't, 896 S.W.2d 71, 73 (Mo. App. S.D. 1995). If a child's custodian applied and received TANF benefits under Section 208.040, the application and receipt of TANF benefits is accompanied by an assignment of the recipient's child support rights to FSD. Garland v. Ruhl, 455 S.W.3d 442, 444 n.2 (Mo. banc 2015) (citing Sections 208.040.2(2), 454.410). Given the interface of these two statutes, FSD is authorized to seek and obtain administrative orders for child support on behalf of the assistance-receiving parent against the obligated parent. See id. at 444.
While Section 208.040 authorizes FSD to pursue child support orders on behalf of the assistance-receiving parent, Sections 454.470-154.501 provide the procedures by which the director and FSD may administratively establish or modify child support orders against the obligated parents. See Shockley v. Dir., Div. of Child Support Enf't, 980 S.W.2d 173, 175 (Mo. App. E.D. 1998). Section 454.470 creates the procedure to establish a support order where no support order was entered previously. Collor-Reed v. Ward, 149 S.W.3d 897, 899 (Mo. App. E.D. 2004) ; Shockley, 980 S.W.2d at 175. In contrast, Section 454.476 allows FSD to enter a support order based on a prior judicial determination of child support. State ex rel. State of Mich. v. Branch, 929 S.W.2d 875, 880 (Mo. App. S.D. 1996). In either case, a parent may obtain an administrative hearing on FSD's proposed support order pursuant to Section 454.475. See Pettigrew v. Hayes, 196 S.W.3d 53, 55-56 (Mo. App. W.D. 2005) ; see, e.g., State ex rel. Clatt v. Erickson, 859 S.W.2d 239, 241 (Mo. App. E.D. 1993). After the director renders a decision, any parent or person having custody of the child adversely affected by the director's decision may seek judicial review of the decision pursuant to Sections 536.100-140 by filing for review with the circuit court within thirty days of the decision's mailing. Section 454.475.5; see State ex rel. Hilburn v. Staeden, 91 S.W.3d 607, 610 (Mo. banc 2002).
Additionally, specific statutory procedures govern the modification of support orders. See Shockley, 980 S.W.2d at 175. Section 454.496 sets forth the procedure to *811 modify the child support obligation where a judicial order exists. Id. Section 454.501 permits the trial court to enter a superseding order that prospectively alters the party's child support responsibilities. D.M.K. v. Mueller, 152 S.W.3d 922, 926 (Mo. App. S.D. 2005).
Applicable here, Section 454.500 establishes and explains the administrative procedure through which a party may seek to modify an administrative order previously entered pursuant to Sections 454.470 and 454.475. Shockley, 980 S.W.2d at 175. To request modification, the obligated parent, custodian, or FSD may file a motion for modification with the director. See Hayes v. Porter, 30 S.W.3d 845, 847 (Mo. App, E.D. 2000). A party moving for modification must show changed circumstances so substantial and continuing as to make the terms of the existing administrative order unreasonable. Shockley, 980 S.W.2d at 175. By its plain language, Section 454.500 requires an administrative hearing to be conducted under Section 454.475, unless the party contesting the motion fails to respond within thirty days. After the administrative hearing, the director will issue an order on the motion. Section 454.475.3-5.
However, if the contesting party fails to request an administrative hearing, the director is authorized to enter a default order. See Sections 454.475.5 and 454.500.1. A party dissatisfied with the director's decision must then file a timely petition for judicial review. Hayes, 30 S.W.3d at 847. To that end, a parent or custodian adversely affected by the decision may obtain judicial review pursuant to Sections 536.100-140 by petitioning for review in the proper circuit court within thirty days of the decision's mailing. See Sections 454.475.5; 454.500.1; cf. Pettigrew, 196 S.W.3d at 55-56.
Finally, Section 454.490 permits FSD to docket its administrative orders with the circuit court. See Section 454.490.1. Once docketed, the administrative orders "shall have all the force, effect, and attributes of a docketed order or decree of the circuit court[.]" Id. While Section 454.490 provides a mechanism to enforce administrative orders, it does not "transform administrative orders into circuit court judgments." Hilburn, 91 S.W.3d at 610.
FSD argues that Father failed to follow the statutory framework for contesting the administrative orders. Generally, if the legislature sets forth an administrative procedure, a party must fully adhere to that statutory framework to obtain relief. Branch, 929 S.W.2d at 881 ; Britz v. Reynolds, 895 S.W.2d 645, 648 (Mo. App. W.D. 1995). Pertinent here, Sections 454,470 and 454.500.1 require an obligated parent to timely request an administrative hearing in order to contest the administrative action. See Section 454.500.1; Pettigrew, 196 S.W.3d at 56. After the director delivers an administrative order, Section 454.475.5 then requires a parent or custodian adversely affected by the order and desiring judicial review to petition for review with the appropriate trial court within thirty days of the decision's mailing. See Pettigrew, 196 S.W.3d at 55-56 ; Hayes, 30 S.W.3d at 847.
A party's failure to comply with the statutory timeframe for review of the director's decision results in the loss of that party's right to further review. Fitzgerald v. State ex rel. Adamson, 987 S.W.2d 534, 536 (Mo. App. S.D. 1999). Similarly, a trial court has no statutory authority to review the administrative order if the party seeking judicial review failed to exhaust and timely utilize all available administrative remedies. See Doody v. State, 993 S.W.2d 563, 567 (Mo. App. W.D. 1999) ;
*812 Lewis v. Roskin, 823 S.W.2d 152,154 (Mo. App. E.D. 1992) ; cf. Coleman v. Mo. Sec'y of State, 313 S.W.3d 148, 156 (Mo. App. W.D. 2010).
Here, FSD moved to enforce the administrative child support orders it entered in 2006, 2010, and 2015. Father received a hearing regarding the 2010 Order. Father also purportedly requested, but did not obtain or participate in, a hearing concerning the 2015 Order. FSD properly entered and docketed each order with the trial court. Father did not seek timely judicial review of any of these orders. Nor did Father take any action seeking relief from these orders, such as moving to modify the orders under Section 454.500.1.
Father's failure to utilize and avail himself of the administrative opportunities and timely review process provided by statute caused the trial court to lose authority to review these administrative orders. See Fitzgerald. 987 S.W.2d at 536 ; Lewis, 823 S.W.2d at 154. Father did not challenge FSD's orders after they were rendered and docketed, despite notice to Father that FSD credited Mother's statements regarding custody, that FSD asserted the validity of the 2010 Order, and that FSD docketed the 2015 Order without a hearing. Instead, until the filing of his petition in 2016, Father accepted the 2010 and 2015 Orders as issued. Father's actions, or inactions, precluded the trial court from reviewing Father's alleged claims of error in the administrative decision. To the extent Father now charges that FSD erred in issuing the 2010 and 2015 Orders, Father's failure to use the administrative framework provided to challenge these orders, or to seek judicial review within thirty days of the entry of the orders, precludes judicial review of these claims. See Fitzgerald, 987 S.W.2d at 536 ; Lewis, 823 S.W.2d at 154.
B. Failure to Allege Facts to Grant Requested Relief
While the failure to exhaust administrative remedies presents a general bar to judicial review, the law provides limited relief to parties in certain circumstances. See Johnson v. March, 376 S.W.3d 26, 28-29 (Mo. App. E.D. 2012) ; cf. Lichtor v. Mo. Bd. of Registration for the Healing Arts, 884 S.W.2d 49, 52 (Mo. App. W.D. 1994). For example, an administrative order may be set aside for voidness, where statutory authority was lacking to issue the order, or if the agency acted in a manner inconsistent with a party's right to due process. See Johnson, 376 S.W.3d at 28-29. We are not persuaded that Father has pleaded sufficient facts demonstrating these limited circumstances which would allow the trial court to act on Father's First Amended Petition despite Father's failure to exhaust his administrative remedies and seek timely judicial review of the administrative orders at issue.
In Count One, Father alleged that Mother made false representations to FSD regarding her having physical custody of Child when applying for, and receiving, TANF benefits. Specifically, Father claimed that FSD used "self-serving statements from [Mother], her family members, or her personal acquaintances to determine whether [Child] has been in [her] physical custody" and failed to corroborate the statements with other evidence during the administrative proceedings that awarded TANF benefits to Mother. Even if true, these factual averments do not support the limited circumstances under which the trial court may set aside Father's failure to seek administrative review of the 2010 or 2015 Orders. Father's averments that Mother misrepresented facts when applying for TANF benefits-a process distinct from the administrative framework used by FSD to establish an enforceable administrative order-do not implicate issues of FSD's lack of authority, voidness of the FSD order, or lack of due process. Cf. id. at 29. Such factual allegations relate to *813 evidentiary matters that Father could have presented as a part of timely judicial review of the agency's determinations when FSD first rendered and docketed the administrative orders.
Similarly, we find that Count Two does not clearly state facts that would allow the trial court to ignore Father's procedural deficiencies in seeking redress from the 2010 and 2015 Orders. Count Two asserts that FSD's administrative determinations regarding custody of the Child for the purpose of granting TANF benefits, without providing Father with notice of such custody determinations, rendered the 2010 Order void. Again, these factual averments relate to evidentiary matters that Father could have addressed through a timely judicial review. See Fitzgerald, 987 S.W.2d at 536 ; Lewis, 823 S.W.2d at 154. Importantly, the factual averments, as best as we can determine, do not relate to any claim of FSD's lack of authority, voidness, or due-process concerns of the 2010 administrative hearing and order. We reject the suggestion that the determination of child custody in the TANF benefits proceedings would somehow retroactively invalidate the 2010 Order, which was entered following notice, a full hearing, and Father's participation in that hearing. We are unable to discern, from the factual averments in Count Two, a basis for allowing the claim to proceed given Father's failure to exhaust his administrative remedies. See Fitzgerald, 987 S.W.2d at 536 ; Lewis, 823 S.W.2d at 154.
Count Three similarly fails to plead facts required to allow the trial court to exercise its authority, in light of Father's failure to exhaust his administrative remedies. Count Three alleges that FSD served Father with its motion to modify on August 24, 2015; and that on August 27, 2015, Father arranged for his employer to fax to FSD his request for an administrative hearing. In the First Amended Petition, Father contends that he provided the trial court and FSD with the affidavit and telephone records showing that his employer faxed his hearing request to FSD. According to Father, FSD entered a default order and mailed Father a copy of its decision on September 29, 2015. On October 7, 2015, FSD informed Father that it did not receive an administrative-hearing request from him, and docketed the default order with the trial court. Father argues that FSD falsely represented to the trial court that he did not request an administrative hearing, thereby denying him due process and rendering the 2015 Order void.
Again, Father's factual allegations, even when taken as true, are not sufficient to overcome Father's failure to exhaust his administrative remedies and seek timely judicial review within thirty days after he received notice of the entry of the 2015 Order. The factual allegations do not suggest a lack of authority of FSD. Cf. Johnson, 376 S.W.3d at 29, Nor do we find due process implications because Father had notice of the 2015 Order and had the opportunity to seek both administrative and judicial review of the 2015 Order, Cf. Fitzgerald, 987 S.W.2d at 536 ; Lewis, 823 S.W.2d at 154.
Father suggests that Count Three asserts a claim of fraud, which if proven, would allow the FSD order to be set aside as void. The allegations that FSD misrepresented to the trial court that Father had not requested an administrative hearing, when viewed in their totality, do not support a claim of fraud that would allow the trial court to find the 2015 Order void. To be sure, Father includes, in Count Three, a conclusory allegation that the October 7, 2015 judgment was obtained through extrinsic fraud. It is well settled that legal conclusions in a petition are insufficient to plead a cause of action. See, e.g., *814 Mo. Mun. League v. State, 489 S.W.3d 765, 768 (Mo. banc 2016) ("Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts."); Gardner v. Bank of Am., N.A., 466 S.W.3d 642, 646 (Mo. App. E.D. 2015) ("The petition may not merely assert conclusions, and in determining whether a petition states a cause of action, we are to disregard conclusions not supported by the facts."). Father must plead facts, not conclusions, to withstand a motion to dismiss for failure to state a cause of action.
Father's First Amended Petition contains a factual averment that FSD falsely represented to the trial court that Father did not request an administrative hearing. Father also avers that FSD intended that the trial court rely upon its representation that Father had not requested an administrative hearing, and that the trial court reasonably relied upon such representation in docketing the default order. When considering whether to void a judgment procured by fraud, the fraud must be "established by clear, strong and cogent evidence, leaving no room for reasonable doubt of its existence; and provided further, that the fraud thus perpetrated was exercised in the very procurement of the judgment complained of, and was a fraud upon the court, as well as upon the other party to the suit." Lieber v. Lieber, 239 Mo. 1, 143 S.W. 458, 467 (Mo. 1911).
Father does not unequivocally allege in the First Amended Petition that FSD knowingly misrepresented material facts to the trial court. Importantly, Father alleges in Count Three that FSD may have been ignorant of the truth when it represented to the trial court that Father did not request a hearing. Father further maintains that FSD mistakenly omitted his request for an administrative hearing from the record. Father's allegations as set forth in his First Amended Petition contradict a claim of fraud and leave considerable doubt as to the existence of fraud. Such allegations cannot sustain a claim of procuring a judgment by fraud, and do not satisfy the requirements for voiding the 2015 Order. See id.; Johnson, 376 S.W.3d at 29.
Despite opportunities to assert any claims relating to Mother's physical custody of Child (or lack thereof) and seek an administrative hearing on that issue or judicial review of the orders, Father simply failed to seek prompt judicial resolution of his challenge to FSD's support orders and did not exhaust all available administrative remedies. Father's failure to exhaust his administrative remedies precludes the trial court's examination of his claims of error pertaining to the administrative decisions. See Fitzgerald, 987 S.W.2d at 536 ; Lewis, 823 S.W.2d at 154. Further, Father fails to otherwise plead the necessary facts to permit the trial court to proceed on his petition and set aside the 2010 and 2015 Orders. See Johnson, 376 S.W.3d at 29. We remain unpersuaded that the trial court erred in dismissing Counts One, Two, and Three. Accordingly, we deny Points One, Two, and Three.
II. Point Four-The Motion for a Superseding Judicial Order
In his final point on appeal, Father contends that the trial court erred in denying his motion for a superseding judicial order under Section 454.501. FSD again argues, and the trial court agreed, that Father must first avail himself of the administrative process set forth in Section 454.500, and move to modify the existing order administratively with FSD before Father may seek judicial review within the courts. FSD asserts that, because Father never requested an administrative modification of the 2015 Order, the trial court *815 correctly dismissed his motion. We disagree that Father is required to seek administrative review with FSD before petitioning the circuit court for a superseding judicial order relating to only prospective child support relief.
As stated previously, a trial court generally cannot review an agency determination if the party seeking judicial review has not exhausted and timely utilized all available administrative remedies. See Doody, 993 S.W.2d at 567 ; see also Coleman, 313 S.W.3d at 156. However, despite the general rule, the current statutory framework for creating administrative support orders does not appear to require Father to avail himself of Section 454.500.1 before seeking prospective modification of his child support obligations. See D.M.K., 152 S.W.3d at 926.
Section 454.500.1, which permits modification of administrative orders, states that "[a]t any time after the entry of [an administrative order], the obligated parent, the division, or [others] may file a motion for modification with the director." Section 454.500.1 (emphasis added). Notably, this provision lacks a mandatory directive that the parent shall file a motion for modification with the director. See id. The use of the word "may" instead of "shall" is instructive. "Statutory interpretation is purely a question of law," Glasgow Enters., Inc., v. Bowers, 196 S.W.3d 625, 631 (Mo. App. E.D. 2006) (internal quotations omitted). When interpreting a statute, this Court must determine the intent of the legislature, give the language used its plain and ordinary meaning, and give effect to that intent, if possible. Christensen v. Am. Food & Vending Servs., Inc., 191 S.W.3d 88, 90 (Mo. App. E.D. 2006). "It is presumed that the legislature intended that every word, clause, sentence, and provision of a statute have effect. Conversely, it will be presumed that the legislature did not insert idle verbiage or superfluous language in a statute." Ash v. Millennium Restoration & Constr., 408 S.W.3d 257, 260 (Mo. App. S.D. 2013) (quoting State ex rel. Unnerstall v. Berkemeyer, 298 S.W.3d 513, 519 (Mo. banc 2009) ; Hyde Park Hous. P'ship v. Dir. of Revenue, 850 S.W.2d 82, 84 (Mo. banc 1993) ). We therefore presume that the use of the discretionary verb "may" and not the mandatory verb "shall" was intentional. Section 454.500.1 authorizes a party to file a motion to modify an existing administrative order with FSD. However, the express language of the statute does not appear to require that a party seeking modification of an administrative order do so exclusively through the director or FSD.
Our analysis that Section 454.500.1 allows, but does mandate, that a movant file a modification request with the director is buttressed by the express language of Section 454.501. Section 454.501 states that "[n]othing contained in [S]ections 454.465 to 454.510 shall deprive courts of competent jurisdiction from determining the support duty of a parent against whom an order is entered by the director pursuant to the authority created by [S]ections 454.460 to 454.505." Section 454.501; see also State ex rel. Moore v. Sharp, 151 S.W.3d 104, 108 (Mo. App. S.D. 2004). Important to our resolution of Father's appeal, Section 454.501 provides that "[s]uch a determination by the court shall supersede the director's order as to support payments due subsequent to the entry of the order by the court, but shall not affect any support arrearage which may have accrued under the director's order. " (Emphasis added). By its plain language, Section 454.501 limits the trial court's authority to alter any past child support which may have accrued under the 2010 and 2015 Orders, but does not require a *816 party seeking only prospective modification of these orders to first seek an administrative modification with FSD under Section 454.500. See, e.g., D.M.K., 152 S.W.3d at 926. We recognize certain advantages when the parties avail themselves of the administrative remedies provided under Section 454.500 before pursuing a judicial modification of a party's future support obligation. However, the current statutory scheme does not mandate prior administrative redress. See D.M.K., 152 S.W.3d at 926. Accordingly, we are compelled to reject FSD's argument that Father must first seek an administrative modification of the child support order with FSD before seeking a superseding judicial order for prospective relief. See id.; Section 454.501.
We find guidance in our holding in D.M.K. In D.M.K., FSD entered a child support order against the father in 2001. 152 S.W.3d at 924. Neither father nor mother sought judicial review of the FSD order. Id. at 926. The father later petitioned for custody of the child, and sought child support from mother. Id. at 925. The mother countered and sought to increase father's child support obligation. Id. The trial court found in favor of the mother and increased the father's child support obligation. Id. at 924. On appeal, the father cited Hayes v. Porter, 30 S.W.3d 845 (Mo. App. E.D. 2000) for the proposition that the trial court lacked authority to enter a judgment modifying his child support obligations because the mother had not first sought to modify the order administratively through FSD or timely file for judicial review. D.M.K., 152 S.W.3d at 926. In Hayes, this Court rejected a father's attempt to seek relief from a prior administrative child support order entered by FSD because father had not complied with the statutory requirements for seeking judicial review. 30 S.W.3d at 847. In rejecting the father's arguments, the D.M.K. court distinguished Hayes, finding that Hayes"was an attack on the enforceability of an administrative order that had been entered some four years before rather than an attempt to modify child support prospectively." D.M.K., 152 S.W.3d at 926. In D.M.K., the mother sought only prospective modification of the child support order. Id. As a result, under Section 454.501, the mother was not required to exhaust her administrative remedies before petitioning the circuit court for a superseding judicial order under Section 454.501. Id.
The plain language of Section 454.501 and case law interpreting this statute bars Father from seeking a superseding judicial order altering the child support arrearage accrued from the 2010 and 2015 Orders. See Section 454.501 (stating that a superseding judicial order "shall not affect any support arrearage which may have accrued under the director's order."); Hayes, 30 S.W.3d at 847. But, a party seeking prospective modification of his or her child support obligation may petition the trial court for relief, despite an existing support order and without first asking FSD to modify the order. See D.M.K., 152 S.W.3d at 926.
Father seeks both past relief from the 2010 and 2015 Orders and, in the alternative, to modify prospectively his child support obligations to $49 a month. Father is not entitled to a superseding judicial order altering the arrearage accrued on the 2010 and 2015 Orders. See Section 454.501; Hayes, 30 S.W.3d at 847. However, Father specifically requested prospective relief in the First Amended Petition, praying that "in the alternative if this Court and the ... Court of Appeals finds that [Mother] is entitled to an ongoing obligation from [Father] for [Child's] support, to modify the prospective amount due to $49 per month in accord with the Form 14 attached to this [p]etition." Father's failure to first *817 request administrative relief from FSD does not mandate the trial court's dismissal of Count Four of his First Amended Petition seeking prospective modification of his child support obligations. See D.M.K., 152 S.W.3d at 926. Because Father seeks prospective relief from his child support obligations on Count Four, the trial court erred in dismissing Count Four of Father's amended petition. Point granted.
Conclusion
The judgment of the trial court is affirmed as to Counts One, Two, and Three. We reverse the trial court's judgment on Count Four and remand for further proceedings consistent with this opinion.
Robert G. Dowd, Jr., P.J., concurs.
Sherri B. Sullivan, J., concurs.

Any orders relating to other children born to Father and Mother are not subject to this appeal.

All statutory references are to RSMo (2016).

In his amended petition, Father also sought a transfer of venue to Phelps County, an award of attorneys' fees, and the reinstatement of his driver's license.

The trial court also denied Father's claims for additional relief, finding that it previously rejected Father's request for a change of venue, Father should file separately to reinstate his driver's license, and Father was not entitled to his attorneys' fees.

Father also moved for his attorneys' fees and cost expended on this appeal. FSD moved to strike Father's request. We instruct the trial court to consider these motions on remand.