

# Missouri Court of Appeals
## Southern District

In Division

STATE OF MISSOURI, DEPARTMENT    )
OF SOCIAL SERVICES,    )
    )
KIMBERLY LEAVELL,    )
    )
    Respondents,    )    No. SD38023
    )
v.    )    **Filed: March 6, 2024**
    )
ERIC ADAMS,    )
    )
    Appellant.    )

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable Michael V. Headrick, Judge

**<u>AFFIRMED</u>**

In 2023, the circuit court entered an order finding that Appellant Eric Adams ("Father") had a child support obligation of $1,000 per month since July 15, 2017, pursuant to a 2017 administrative order modifying Father's child support payments to that amount. Although Father received notice in June 2017 that the Family Support Division ("FSD") was seeking to modify Father's child support payment to $1,000 per month, Father never requested an administrative hearing to challenge that motion, despite instructions on the notice warning him that a failure to request a hearing would result in the order taking effect and that there would be no right to judicial review of the order absent a hearing. Instead of requesting an administrative

hearing, Father filed a motion to modify his child support payments with the circuit court (the "judicial motion to modify").[1] While Father's judicial motion to modify was pending, the director of FSD entered a default administrative modification order ("the 2017 administrative modification order"), increasing Father's child support obligation to $1,000 per month. The 2017 administrative modification order was docketed in the circuit court, but was stayed by the circuit court pursuant to Father's request while Father and Kimberly Leavell ("Mother"), litigated dueling judicial motions to modify.[2] In 2020, Mother's judicial motion to modify was stricken due to discovery violations and Father voluntarily dismissed his judicial motion to modify. No judicial motions to modify remained pending before the circuit court.

Eventually, FSD filed a "Motion to Determine Current Support Amount Arrearages" regarding Father's child support obligations.[3] This motion argued that Father's voluntary dismissal of his judicial motion to modify extinguished the stay of the 2017 administrative modification order. A hearing was held and the circuit court determined that Father's failure to request an administrative hearing constituted a failure to exhaust his administrative remedies and thus foreclosed his right to judicial review of the 2017 administrative modification order.

Father appeals from that judgment in a single point, arguing the circuit court misapplied the law in determining that Father was required under section 454.500 to request administrative review of the proposed increase in the amount of child support before seeking "judicial review" by filing a motion to modify with the circuit court.

---

[1] Father's motion cited to section 452.370.1, which addresses modifications of *judgments* as to maintenance or child support. This section does not address the modification of administrative orders of child support. *See* § 452.370.1. In this case, there was no *judgment* ordering child support but rather an administrative order. All statutory citations are to RSMo (2016).

[2] "Once docketed, the administrative orders 'shall have all the force, effect, and attributes of a docketed order or decree of the circuit court[.]'" ***Wilson v. Nenninger***, 561 S.W.3d 804, 811 (Mo. App. E.D. 2018) (quoting § 454.490.1). "While Section 454.490 provides a mechanism to enforce administrative orders, it does not 'transform administrative orders into circuit court judgments.'" ***Id.*** (quoting ***Hilburn v. Staeden***, 91 S.W.3d 607, 610 (Mo. banc 2002)).

[3] Many of the filings referred to in this opinion were written or titled in all capital letters. When quoting such, this Opinion reverts to conventional capitalization for ease of readability.

2

Father's argument fails because: (1) Father was, in fact, required to exhaust his administrative remedies in order to seek judicial review of the 2017 administrative modification order; (2) Father never sought judicial review of the administrative order because a judicial motion to modify an existing order, filed pursuant to section 454.501, is *not* the same thing as a petition for judicial review of an administrative order, filed pursuant to sections 536.100-140; and (3), finally, once Father voluntarily dismissed his judicial motion to modify, there was no basis for the circuit court to prospectively modify the 2017 administrative modification order. Finding no error, we affirm.

## Background and Procedural History

*The 2014 Administrative Child Support Order*

Father and Mother are the parents of a minor child. In 2014, an administrative order was docketed in the circuit court, Case No. 14PU-MC00219, requiring Father to pay Mother $492 per month in child support, beginning November 15, 2013.

*The 2017 Administrative Modification of the Child Support Order*

In 2017, Mother requested FSD review the 2014 order for a possible modification of Father's child support obligation. Following review, FSD issued an administrative motion to modify Father's child support obligation to $1,000 per month. Father signed for and received the FSD's administrative motion to modify on June 28, 2017. The motion to modify advised:

> If you do not ask for a hearing within the 30 calendar days, the administrative order will take effect immediately. There is no right to a petition for judicial review if there is no hearing.

Father did not request an administrative hearing to contest the proposed modification. Instead, on July 14, 2017, Father filed his own motion to modify the child support order in the circuit court, Case No. 14PU-MC00219-01. Mother responded to Father's motion by filing a counter-motion to modify. Meanwhile, on September 18, FSD entered the 2017 administrative modification order, in the amount of $1,000 per month beginning July 15, 2017, by default order, since neither party requested an administrative hearing. The 2017 administrative

3

modification order was filed in 14PU-MC00219-01, and was docketed by the circuit court. On September 19, 2017, Father filed a motion for an order to stay the 2017 administrative modification order, which was granted.

*Father's Voluntary Dismissal of his Motion to Modify in January 2020*

For nearly three years, Mother and Father litigated their judicial motions to modify. In January 2020, Mother's pleadings and motion to modify were stricken for violating discovery rules. That same day, Father voluntarily dismissed his judicial motion to modify and no judicial motions to modify remained pending before the circuit court.

*FSD's Motion to Determine Current Support Amount Arrearages*

In October 2022, FSD filed a "Motion to Determine Current Support Amount Arrearages" regarding Father's child support obligations. This motion argued Father's voluntary dismissal of his motion to modify had the effect of extinguishing the stay of the 2017 administrative modification order.

In March 2023, the circuit court heard arguments on FSD's motion. FSD argued:

> Specifically, [Father's] dismissal of his motion to modify and the [c]ourt affirming the same meant that the stay was automatically lifted and thus the administrative order, which has never been challenged, is a thousand dollars a month since that time.

Father, in contrast, argued the stay was not automatically lifted by the voluntary dismissal and if it had been, FSD would not have filed a motion to lift the stay.

*The Judgment*

After the hearing, the circuit court entered a judgment finding that Father had a child support obligation of $1,000 per month since July 15, 2017, per the 2017 administrative modification order. In support of this finding, the circuit court found Father's failure to request an administrative hearing constituted a failure to exhaust his administrative remedies and thus foreclosed his right to judicial review of the 2017 administrative order modifying child support. Father appeals from that judgment.

4

## Standard of Review

"On review of a court-tried case, an appellate court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014). We apply *de novo* review to questions of law. *Hummel v. Director of Revenue*, 625 S.W.3d 484, 486 (Mo. App. E.D. 2021).

Father's point argues the trial court erred in finding he failed to exhaust his administrative remedies to contest the 2017 administrative modification order because "pursuing resolution of the correct amount of prospective child support under RSMo § 454.500 is an optional not mandatory avenue for a party seeking review of the proper amount of prospective child support to take." Because Father's point presents a question of law, we apply *de novo* review.

## Discussion

Father has conflated the process for seeking judicial modification of an administrative child support order with the process for contesting an administrative proceeding. These are two distinct processes. While Father is correct that an obligated parent can seek prospective modification of an existing administrative order by filing an administrative motion to modify pursuant to section 454.500.1 *or* by filing a judicial motion to modify an existing order pursuant to section 454.501 without first filing an administrative motion to modify, he is incorrect that the filing of such motion absolves him of his obligation to exhaust his administrative remedies in the administrative case in order to contest that case and be entitled to judicial review of the administrative order.[4] *See **Wilson***, 561 S.W.3d at 815-16. In other words, to *contest* an administrative motion to modify filed under Chapter 454, a party must follow the procedure set

---

[4] Father's judicial motion to modify, filed in July 2017, did not, and could not, challenge the September 2017 administrative modification order because that order was not an "existing" order at that time, since it had not yet been entered. In fact, Father's motion to modify referenced the terms of the 2014 administrative order although it labeled the disputed order as being dated on April 22, 2017.

5

out in Chapter 454.  Father failed to follow that procedure to contest the 2017 administrative modification order.

### *Administrative Modification of Child Support Orders and Contesting the Administrative Motion to Modify*

"Generally, if the legislature sets forth an administrative procedure, a party must fully adhere to that statutory framework to obtain relief."  ***Wilson***, 561 S.W.3d at 811.  "Section 454.500 establishes and explains the administrative procedure through which a party may seek to modify an administrative order previously entered pursuant to Sections 454.470 and 454.475."[5]  ***Id.*** (quoting ***Shockley v. Director, Div. of Child Support Enf't***, 980 S.W.2d 173, 175 (Mo. App. E.D. 1998)).  Under this section, the obligated parent, the division, or the person or agency having custody of the dependent child, may request modification by filing a motion for modification with the director.[6]  ***Id.***  "By its plain language, Section 454.500 requires an administrative hearing to be conducted under Section 454.475, unless the party contesting the motion fails to respond within thirty days."[7]  ***Id****.* at 811.  "Pertinent here, Sections 454.470 and 454.500.1 *require* an obligated parent to timely request an administrative hearing in order to contest the administrative action."  ***Id.*** (emphasis added).  If the contesting party fails to request an administrative hearing, the director is authorized to enter a default order. § 454.500.1.

A parent or custodian adversely affected by the decision may obtain judicial review pursuant to sections 536.100-140 by petitioning for review in the proper circuit court within 30 days of the decision's mailing.  § 454.475.5.  But to be entitled to judicial review under section 536.100, the party is required to have "exhausted all administrative remedies provided by law"

---

[5] Chapter 454 authorizes FSD to establish, modify, and enforce child support orders.  ***Wilson***, 561 S.W.3d at 810 (citing § 454.400, .425; ***Cole v. Dep't of Soc. Servs., Div. of Child Support Enf't***, 896 S.W.2d 71, 73 (Mo. App. S.D. 1995)).

[6] The party seeking modification must show changed circumstances so substantial and continuing as to make the terms of the existing administrative order unreasonable.  § 454.500.3

[7] Section 454.475 sets forth the procedure for conducting the administrative hearing.  After the administrative hearing, the director will issue an order on the motion.  § 454.475.3-.5.

and must be aggrieved by a *final* decision in a contested case. § 536.100. A failure to request an administrative hearing to contest an administrative modification of a child support order is a failure to exhaust one's administrative remedies. *See **Doody v. State, Dept. of Soc. Servs., Div. of Child Support Enf't***, 993 S.W.2d 563, 567 (Mo. App. W.D. 1999) (holding that a father who requested an administrative hearing to contest an administrative motion to modify but did not appear for the hearing failed to exhaust his administrative remedies). A trial court has no authority to review the administrative order if the party seeking judicial review failed to exhaust and timely utilize all available administrative remedies. ***Wilson***, 561 S.W.3d at 811.

Here, FSD filed a motion to modify the 2014 administrative child support order pursuant to section 454.500. Father never requested an administrative hearing, and the director entered a default order modifying the administrative order pursuant to its authority under the statute. Instead of contesting the administrative modification, Father filed a judicial motion to modify the 2014 administrative order with the circuit court *before* the default order was entered and while the administrative motion to modify was still pending. Father's judicial motion to modify cannot be construed as a petition for judicial review under section 536.100 because: (1) Father did not exhaust his administrative remedies, and, (2) at the time he filed his motion, he was not yet a party aggrieved by the 2017 administrative modification order. Father's failure to use the administrative framework provided to challenge the 2017 administrative modification order precludes judicial review of any challenge to that order.

### Father's Judicial Motion to Modify

To contest an administrative motion to modify, a party must follow the administrative framework discussed above. But to seek *prospective* modification of an *existing* order, an obligated parent has two options: (1) seek administrative modification under section 454.500, as discussed above; or (2) seek judicial modification pursuant to section 454.501. *See **Wilson***, 561 S.W.3d at 815-16. It is true that an obligated parent seeking *prospective* modification may

7

petition the circuit court for relief without first filing an administrative motion for modification.[8]
*Id.* This is because "[s]ection 454.501 permits the trial court to enter a superseding order that prospectively alters the party's child support responsibilities." *Id.* at 811. It does not, however, apply to any "support arrearage which may have accrued under the director's order." § 454.501. So, if a party files a judicial motion to modify seeking prospective relief, a trial court can enter a superseding order that alters the party's child support responsibilities going forward, but it does not impact the arrearages that have already accrued. But Father never sought *prospective* relief from the 2017 administrative modification order and instead sought modification of the then-existing 2014 administrative order. And, to the extent Father's motion to modify could be graciously construed as a motion for a prospective relief of the 2017 administrative modification order, Father abandoned that claim when he voluntarily dismissed his motion in 2020. Accordingly, there was no motion to modify seeking prospective relief for the trial court to rule on.

---

[8] The **Wilson** court reached this conclusion by analyzing the language of sections 454.500.1 and 454.501. *See **Wilson***, 561 S.W.3d at 815. Because section 454.500.1 states,"[a]t any time after the entry of [an administrative order], the obligated parent, the division, or [others] *may* file a motion for modification with the director[,]" the court concluded that the statute's use of the discretionary language "may" allows, but does not mandate, that a movant file a modification with the director. **Wilson**, 561 S.W.3d at 815 (quoting § 454.500). This interpretation was buttressed by the express language of section 454.501:

> [n]othing contained in [S]ections 454.465 to 454.510 shall deprive courts of competent jurisdiction from determining the support duty of a parent against whom an order is entered by the director pursuant to the authority created by [S]ections 454.460 to 454.505. . . . [S]uch a determination by the court shall supersede the director's order as to support payments due subsequent to the entry of the order by the court, **but shall not affect any support arrearage which may have accrued under the director's order.**

**Wilson**, 561 S.W.3d at 815 (citing § 454.501). "Section 454.501 permits the trial court to enter a superseding order that prospectively alters the party's child support responsibilities." **Wilson**, 561 S.W.3d at 811. Accordingly, **Wilson** found a parent seeking prospective modification of an administrative order could file a judicial motion for modification without filing an administrative motion to modify. But filing a judicial motion to modify seeking prospective relief from an existing administrative order is not the proper procedure to *contest* an administrative motion to modify.

## Conclusion

Father failed to exhaust his administrative remedies by failing to request an administrative hearing to contest the 2017 administrative modification order. And Father abandoned any claim for a prospective modification of the 2017 administrative modification order when he voluntarily dismissed his judicial motion to modify. The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS