

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| TIMOTHY WELLS, | ) | No. ED112549 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 21SL-CC05655 |
| | ) | |
| DEPARTMENT OF SOCIAL SERVICES | ) | Honorable Dean P. Waldemer |
| FAMILY SUPPORT DIVISION, ET AL., | ) | |
| | ) | |
| Respondents. | ) | FILED: November 26, 2024 |

### Opinion

Timothy Wells (Father) appeals from the circuit court's denial of his petition for review of an order entered by the Department of Social Services Family Support Division (FSD) denying his request for administrative modification of child support. Father raises two points on appeal. In Point One, Father argues FSD erred when it declined to modify his child support obligation because he did not need to show a substantial and continuing change in circumstance as it had been at least three years since the last modification. In Point Two, Father argues FSD erred when it refused to receive and consider evidence of Mother's[1] remarriage in support of his modification request. Because Father filed a judicial motion to modify his support obligations in the circuit court and a judicial modification judgment has been entered retroactively modifying

---

[1] Names are redacted pursuant to § 509.520, RSMo (Cum. Supp. 2023).

child support, the administrative modification proceeding has been rendered moot. Accordingly, we dismiss the appeal.

<u>Background</u>

Mother and Father divorced in 2012. In the original dissolution decree, Father was ordered to pay spousal support and child support. The original decree was modified in 2014 (2014 Modification). The 2014 Modification ordered Father to pay $1,800 per month in child support and $1,000 per month in spousal support, with spousal support set to terminate on December 1, 2018. The 2014 Modification specified that "[i]n return for taking a much lower maintenance payment than previously ordered ($2,000 per month less), along with making maintenance for a set period of time, the parties have agreed that Father shall pay Mother a higher amount in child support than would be calculated."

Sometime after Father's spousal support obligation ended, Father moved for administrative modification to reduce his child support obligation (Administrative Modification Proceeding). Following an administrative hearing held on October 14, 2021, where Mother objected to Father's proposed modification, FSD denied Father's modification request. FSD found that the Form 14-calculated $1,511 in child support did not meet the requisite twenty percent reduction to show a change in circumstances sufficient to warrant modification under § 452.370.[2]

Father filed a petition for review of FSD's decision in the circuit court in November of 2021. No order rejecting or ratifying the FSD decision had yet been issued by the circuit court when, in April 2022, Father moved in circuit court to modify the 2014 Modification (Judicial Modification Motion).

---

[2] All Section references are to RSMo. (2016), unless otherwise noted.

2

In February 2024, the circuit court reviewing the Administrative Modification Proceeding denied Father's petition for review and ratified FSD's decision.

In June 2024, the circuit court reviewing Father's Judicial Modification Motion entered judgment modifying the 2014 Modification, awarding Father custody and retroactively modifying child support (2024 Modification).

Father now appeals from the circuit court's judgment in the Administrative Modification Proceeding.

Mootness

Preliminarily, FSD suggests this Court should dismiss the appeal as moot. We agree.

"In any appellate review of a controversy, a threshold question is the mootness of the controversy." *Grzybinski v. Dir. of Revenue*, 479 S.W.3d 742, 745 (Mo. App. E.D. 2016). "When the question presented seeks a judgment that would have no practical effect on an existing controversy, the matter is moot." *Mandacina v. Pompey*, 634 S.W.3d 631, 651 (Mo. App. W.D. 2021) (citing *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. App. W.D. 1998)). "An actual controversy susceptible of some relief must exist in order for this court to have jurisdiction." *Id.* (citing *State ex rel. Mo. Cable Television Ass'n v. Pub. Serv. Comm'n*, 917 S.W.2d 650, 652 (Mo. App. W.D. 1996)). "When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the cause is moot and generally should be dismissed." *State ex rel. Claudia Lee & Assocs., Inc. v. Bd. of Zoning Adjustment*, 297 S.W.3d 107, 111 (Mo. App. W.D. 2009) (internal quotation omitted).

We find Father's cause to be moot. By filing the Judicial Modification Motion, Father is deemed to have abandoned his Administrative Modification Proceeding.

Generally, "[a] motion may be waived or abandoned by failing to proceed with respect to it, or by continuing before the determination of the motion in a manner which is not consistent with the object of the motion." *Paulson v. Dynamic Pet Prods., LLC*, 560 S.W.3d 583, 590 (Mo. App. W.D. 2018) (internal quotation omitted).

We also consider the statutory guidance as to FSD decisions:

Nothing contained in [§§] 454.465 to 454.510 shall deprive courts of competent jurisdiction from determining the support duty of a parent against whom an order is entered by the director [of FSD] pursuant to the authority created by [§§] 454.460 to 454.505. Such a determination by the court ***shall supersede*** the director's order as to support payments due subsequent to the entry of the order by the court, but shall not affect any support arrearage which may have accrued under the director's order.

§ 454.501 (emphasis added). Furthermore, "an administrative order modifying a court order is ***not effective until the administrative order is filed with and approved by the court*** that entered the court order." *See* § 454.496 (emphasis added). In other words, as stated by the Supreme Court of Missouri, an FSD order "***does not become an actual judgment of the court absent judicial review***." *F.J.M. v. F.L.J.*, 637 S.W.3d 130, 134 (Mo. App. W.D. 2021) (quoting *State ex rel. Hilburn v. Staeden*, 91 S.W.3d 607, 610-11 (Mo. banc 2002)). Consequently, an FSD order on its own is not a final judgment and is not entitled to preclusive effect. *Id.* at 135 (citing *State v. Salazar*, 236 S.W.3d 644, 647 (Mo. banc 2007)).

Here, the only two judgments ever in effect were the 2014 Modification and the 2024 Modification. Father initially sought ***administrative*** relief from the 2014 Modification, but before the 2021 FSD order denying the request for administrative modification became final, Father sought ***judicial*** relief from the 2014 Modification.[3] Before the circuit court had

---

[3] Though not necessary to resolve this appeal from the Administrative Modification Proceeding, we note some authority suggests that Father's Judicial Modification Motion was premature, as he had not yet exhausted administrative relief under his petition for review of FSD's order. *See Dep't of Soc. Servs. v. Adams*, 686 S.W.3d 663, 669 (Mo. App. S.D. 2024) (citing *Wilson v. Nenninger*, 561 S.W.3d 804, 811 (Mo. App. E.D. 2018)).

adjudicated Father's petition for review of the FSD Order, Father filed his Judicial Modification Motion, consequently FSD's order denying administrative relief never became "an actual judgment of the court[.]" *See id.* at 134 (quoting *Hillburn*, 91. S.W.3d at 610); *see also* §§ 454.496, 454.501. By proceeding with judicial modification in the circuit court, Father abandoned the Administrative Modification Proceeding. *See Paulson*, 560 S.W.3d at 590 (internal citation omitted). The 2024 Modification modified the 2014 Modification and rendered any review of the interim Administrative Modification Proceeding irrelevant. Father has not demonstrated how appellate review of the Administrative Modification Proceeding would have any practical effect on any existing controversy. Father argued that FSD created arrearages, thus warranting review, through its purportedly erroneous decision. We disagree. Because the only two judgments in effect were the 2014 Modification and the 2024 Modification, FSD's decision never had any effect and therefore, no arrearages were created by it. *See Mandacina*, 634 S.W.3d at 651 (citing *Chastain*, 968 S.W.2d at 237). We therefore dismiss the appeal as moot.

<u>Conclusion</u>

The appeal is dismissed.

_____
Rebeca Navarro-McKelvey, J.

Lisa P. Page, P.J., and
Lorne J. Baker, SP. J., concur.

5